JAMES O. SAFFORD & another *vs.* JOHN N. GROUT.

Suffolk. Nov. 9, 1875.— March 1, 1876. ENDICOTT & LORD, JJ., absent

In an action for false representations, it is sufficient if such representations materially influenced the conduct of the plaintiff, though they were not the sole or predominant inducement.

In an action for false representations as to the pecuniary ability of the maker of a promissory note, whereby the plaintiff was induced to take it, the defendant's bill of exceptions stated that the plaintiff testified as to the representations made by the defendant in regard to the pecuniary standing of the maker of the note, and its value, and that he took the note upon the defendant's representations. The bill of exceptions did not state what those representations were, but no objection was made that they were mere expressions of opinion, or were intended to be so understood. *Held,* that it was to be presumed that the defendant's statements were of facts susceptible of knowledge, as distinguished from matters of mere opinion and belief, and were calculated to have material influence upon the plaintiff.

At the trial of an action for false representations as to the pecuniary ability of the maker of a promissory note, whereby the plaintiff was induced to take the note in payment for goods sold the defendant, the plaintiff was asked by his counsel, "Whether you sold the leather to the defendant relying upon his representations? In consequence of his representations, and in reliance upon those representations, did you sell him the bill of leather and take the note?" *Held,* that the questions were properly allowed in the absence of any objection to their form.

At the trial of an action for false representations as to the pecuniary ability of the maker of a promissory note, an adjudication of the bankruptcy of the maker, seven months after the date of the note, was admitted for the sole purpose of rendering competent evidence the proof of claims by the defendant against the estate of the bankrupt, which claims were held by the defendant at the time the representations were made. *Held,* that the evidence was properly admitted. *Held, also,* that the claims were properly admitted.

At the trial of an action for false representations, made in July, 1870, as to the pecuniary ability of the maker of a promissory note, whereby the plaintiff was induced to take the note in payment of goods sold the defendant, a witness was asked by the plaintiff, "Did you have a claim against A. (the maker of the note) in the latter part of July, 1869, or the first of 1870?" He answered, "I did." He was then permitted to testify that the claim was due in January, 1870, and was settled in March, 1870, by a note given for the amount of the claim and of a bill of goods sold A. at that time, and that the note was signed or indorsed by the defendant. *Held,* that the first question was preliminary, and that the evidence was properly admitted as tending to show a knowledge on the part of the defendant that A. could not at that time pay his debts in the ordinary course of business. *Held, also,* that a mortgage of personal property by the maker of the note to the defendant, subsisting at the time of the latter's representations, was properly admitted for the same purpose.

No exception lies to the exclusion of evidence, unless the bill of exceptions shows that the evidence was material to the issue.

TORT. The declaration alleged that the defendant desired the plaintiffs to sell to him a certain quantity of leather, and, to induce the plaintiffs to sell the goods, offered in payment therefor the promissory note of Marshall Smith, and falsely represented to the plaintiffs that Smith " was a person of ample means and ability to pay said note, and that the note was good," and that the plaintiffs, relying upon said representations, sold the leather to the defendant and took the note in payment therefor; that Smith was then insolvent and known so to be by the defendant. There was also a count in contract for goods sold and delivered; both counts being for the same cause of action. The answer denied the several allegations of the declaration, and averred that the plaintiffs took the note after full inquiry, and with the same opportunity for ascertaining Smith's pecuniary responsibility which was possessed by the defendant. Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions in substance as follows.:

At the trial, Charles F. Coburn, one of the plaintiffs, testified as to the sale to the defendant and the representations made by him at the time in regard to Smith's pecuniary standing and the value of the note. He also testified that, before the goods were delivered, the bargain for the sale having been made on July 16, 1870, and the goods sent to the railroad on the 23d and 25th of that month, he asked the defendant to indorse the note, and the defendant refused; that he made inquiry as to Smith's responsibility of one person in Boston and one person in Worcester, where Smith resided and carried on his business, and that the note was finally delivered to the plaintiffs about August 6. During his examination, he was asked by the plaintiffs' counsel the following questions: " Whether you sold the leather to Grout relying upon his representations? In consequence of his representations, and in reliance upon those representations, did you sell him the bill of leather and take the note? " To this the defendant objected, but the judge overruled the objection, and the witness answered, " We took the note upon the representations made to us by Grout."

The plaintiffs offered an adjudication in bankruptcy against Marshall Smith, the maker of the note, dated February 25, 1871. The defendant objected, but the judge overruled the objection

and admitted the evidence. This adjudication in bankruptcy was offered by the plaintiffs at an earlier stage of the trial as evidence of Smith's insolvency in July, 1870, but it was excluded when offered for that purpose. But the offer was made at this time for the specific and limited purpose of showing that bankruptcy proceedings were had against said Smith in the bankrupt court, so that the evidence offered at the same time of the proof of claims in that court by the defendant against the estate of said Smith might become competent. And the judge instructed the jury, in a manner not objected to by the defendant, as to the limited use they would be authorized to make of the fact of the adjudication of bankruptcy against said Smith as evidence in this case.

The plaintiffs also offered the affidavit of two proofs of debts made by the defendant against the estate of said Smith, and the vouchers annexed, and the evidence of their allowance. The vouchers were several promissory notes, signed by said Smith, and of the dates and for the amounts following: March 20, 1869, $3641.52, 3 months; August 6, 1870, $900, 3 months; March 12, 1870, $1110.17, 6 months; July 23, 1870, $3801.16, on demand. To the admission of these affidavits, vouchers and proofs the defendant objected, but the objection was overruled and the evidence was admitted.

The plaintiffs called John E. M. Gilley, who testified that he received certain notes, signed by Marshall Smith, from the defendant, to be sold by him as a broker. He was then asked if he proved those notes against the estate of Smith, and was shown a proof of claim and asked if that was made by him. To this the defendant objected; the judge overruled the objection, and the witness answered that he did prove the claim shown him, that he did so at the request of the defendant and for his benefit, and that they were the claims of the defendant at the time of proof. The proof of claims was admitted, under objection from the defendant. The evidences of debt attached to the affidavit were several promissory notes, signed by Smith, of the dates and for the amounts following: July 14, 1870, 3 months, $1192.09 July 10, 1870, 3 months, $994.92; July 16, 1870, 3 months $980.01; July 20, 1870, 3 months, $1005.08; July 23, 1870, demand, $5000. This evidence of Smith's indebtedness was ad-

mitted for the twofold purpose of showing the fact and amount of the indebtedness, and the defendant's knowledge of it.

The plaintiffs called J. A. Chapin and asked him the following question : " Did you have a claim against Marshall Smith in the latter part of 1869 or in the first of 1870 ? " The defendant objected, but the judge overruled the objection, and the witness answered, " I did, sir." Under objection from the defendant, the witness was permitted to testify that the claim was due in January, 1870; that it was settled in March, 1870, by a note which was given for the amount of that claim and the amount of a bill of goods sold Smith at the time the note was given ; that the note was either signed or indorsed by the defendant.

The plaintiffs offered an office copy of a mortgage of personal property given by said Smith to the defendant, dated March 20, 1869, and duly recorded. The defendant objected, but the judge overruled the objection, and it was admitted. This mortgage was undischarged, and was still held by the defendant at the time he purchased the leather of the plaintiffs, which is the subject of this suit. There was no objection to the proof of this mortgage by copy, the original having been destroyed by fire in the office of the defendant's attorney in the great fire of November 9, 1872.

The defendant was called as a witness, and among other things testified that two notes held by him against Smith, which had been submitted to the jury under objection from the defendant, as part of the claims proved by the defendant and Gilley against said Smith's estate, were given for money lent by the defendant to Smith. The notes were both dated July 23, 1870, and were for $5000 and $3801.16. He also testified that both notes were signed and delivered to him at the office of Edward Avery, Esq., in Boston, but not at the same time, — one of them on July 23, and the other some time in September following ; — that the arrangement and bargain between Smith and himself, in consequence of which one of them was given, was made in the cars on the way from Worcester to Boston ; that both Smith and the defendant met by appointment, then made, at Mr. Avery's office for the purpose of completing the bargain made in the cars ; that nothing was said about the terms of the agreement between them when the note was signed, except to request that the note and

an assignment of a claim due to Smith should be written and duly signed, executed and delivered.  No part of the conversation which took place between Grout and Smith, at the time the note was given in Mr. Avery's office, was excluded.  For the purpose of showing the exact transaction between the defendant and Smith, which resulted in the giving of that note, the defendant was asked to state the agreement; that is the agreement which was said to have been made in the cars, and not any agreement at the time the note was given.  The plaintiffs objected, and the judge excluded the testimony.

The defendant contended that if the plaintiffs took time to inquire, and did inquire, as to Smith's responsibility before delivering the goods and receiving the note, and were convinced by what they heard that it was a fair risk to take, they could not recover in this action under the pleadings ; that the pecuniary standing of a man, and the amount of the credit to which he is entitled, is a matter of common knowledge or judgment; and if the plaintiffs availed themselves of this common knowledge and judgment before completing the transaction and delivering the goods and taking the note, and were influenced by what they learned from other persons than the defendant, they could not now hold him responsible in this action.

Upon this point the judge instructed the jury, in substance, that if they found that representations were made by the defendant, that they were false, and that the defendant knew them to be so, the question then was whether they influenced the plaintiffs or induced them to take the note ; because, unless such was the fact, the plaintiffs had no ground of complaint against the defendant ; that it was not necessary for the plaintiffs to satisfy them that the fraudulent representations of the defendant were the sole operating cause that induced the plaintiffs to take the note ; that though they were referred to other parties for information, and made inquiries, still, if on the whole they would not have taken the note but for Grout's representations, this part of their case was sustained ; but that if by their inquiries of other parties, irrespectively of anything the defendant had said to them, they were satisfied to take the note, they were not entitled to recover.

The jury returned a verdict for the plaintiffs ; and the defendant alleged exceptions.

*E. Avery*, for the defendant.

*T. H. Sweetser & B. F. Hayes*, for the plaintiffs.

COLT, J. No question of pleading arises upon the bill of exceptions ; nor does it state all the instructions given to the jury. Under the instructions reported upon the point raised, and those which, in the absence of anything to the contrary, we must presume to have been given, the jury have found that the allegations of the first count were proved.

The defendant asked the court to rule, in substance, that if the plaintiffs took time to inquire as to the responsibility of the maker, availed themselves of the common knowledge and judgment as to his pecuniary standing, and were influenced by what they heard before taking the note, they could not recover. But, instead of this, the court told the jury that it was not necessary for the plaintiffs to satisfy them that the alleged representations were the sole cause, or the sole operating cause, inducing the plaintiffs to take the note ; for if they would not have taken it except for the defendant's representations, then they could recover, although they were in part controlled by other influences, for which he was not responsible.

The instruction thus given appears to have been well adapted to and sufficient for the case presented by the evidence, and the instruction requested was properly refused. It is not necessary that the false representations should have been the sole or even the predominant motive ; it is enough if they had material influence upon the plaintiff, although combined with other motives. *Matthews* v. *Bliss*, 22 Pick. 48.

The case does not disclose the precise character of the representations made by the defendant ; no objection was made that they were mere expressions of opinion, judgment or estimate, or were intended to be understood as expressions of belief only. We must presume that they were legally sufficient to support the action ; that is to say, that they were statements of facts susceptible of knowledge, as distinguished from matters of mere opinion or belief ; and that they were calculated to have and did have material influence in deceiving the plaintiffs as to the maker's means and ability to pay, and in inducing them to part with their property. *Page* v. *Bent*, 2 Met. 371. *Milliken* v. *Thorndike*, 103 Mass. 382. *Lobdell* v. *Baker*, 3 Met. 469.

There was no error in the admission of the various items of evidence offered by the plaintiffs.

The question put to Coburn, one of the plaintiffs, as to the influences which operated upon him in making the sale, was properly allowed, in the absence of any objection to its form. *Knight* v. *Peacock*, 116 Mass. 362.

The adjudication in bankruptcy was properly admitted, under the limitations stated to the jury as to use they might make of it as evidence in the case.

The promissory notes owned by the defendant, and proved by himself and Gilley against the estate of the maker of the note in bankruptcy, for the purpose of showing the fact and the amount of his indebtedness, and the defendant's knowledge of it, were properly admitted as material evidence upon the issue involved, and not too remote. *Holbrook* v. *Jackson*, 7 Cush. 136.

The first question asked of the witness Chapin was preliminary, and his testimony that his debt against Smith was adjusted by the defendant's note or indorsement was properly admitted, as tending to show a knowledge on the part of the defendant that Smith could not at that time pay his debts in the ordinary course of business. The mortgage from Smith to the defendant was competent evidence for the same reasons.

As to the evidence, offered by the defendant, of the agreement under which the two notes were given by Smith to him, and which was excluded by the court, it is sufficient to say that nothing appears to show that it was material to any question at issue. The ruling must be presumed to be correct, unless there is something in the bill of exceptions to show affirmatively that it is not. *Bannister* v. *Alderman*, 111 Mass. 261. *Burke* v. *Savage*, 13 Allen, 408.                    *Exceptions overruled.*