GUSTAF A. HOLST vs. JOSEPH I. STEWART & another.

Suffolk.  May 18, 1894. — June 20, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Deceit — Fraudulent Representations — Evidence — Pleading — Counts in Contract and Tort — Verdict — Exceptions — Judgment — Agency — Partners as Joint Tortfeasors.*

A false statement as to the frequency of the arrival and departure of railroad trains at different hours of the day at a certain railroad station in the vicinity of Boston, made as an inducement to purchase property near that station, has such a relation to the value of the property as to be the subject of a fraudulent representation.

In an action for false and fraudulent representations the declaration alleged that the defendant, to induce the plaintiff to purchase a farm near a railroad station in the vicinity of Boston, made false and fraudulent representations to him regarding the frequency of the running of trains between that station and Boston at different hours of the day; that the plaintiff believed the representations to be true, and was thereby induced to purchase the farm. *Held*, on demurrer, that the times of the running of railroad trains was not a matter so easily ascertainable, under all circumstances, as never to be the subject of a fraudulent representation.

In an action for false and fraudulent representations the circumstances under which the representations were made need not be set out in the declaration.

In an action for false and fraudulent representations it appeared that the defendant when he made them was acting as agent of the plaintiff. *Held*, that in a relation of confidence the plaintiff would be warranted in relying on the assertions of the defendant, when he would not if the defendant were representing only an adverse interest.

At the trial of an action for false and fraudulent representations it appeared that the plaintiff, who was a native of Sweden, and spoke English imperfectly, took a train in Boston with the defendant to go to N. S. to look at a farm there with a view to purchasing it; that while in the car waiting for the train to start, the defendant, in response to an inquiry of the plaintiff, undertook to find out for him in regard to the running of the trains between Boston and N. S.; that the defendant went out of the car, procured a time table, and, returning, looked at it, and falsely represented that a train left N. S. at 5.50 in the morning; that when he made the statement he professed to be reading from the time table, and after he had finished reading from it he put it in his pocket; that later he looked at it again, and stated falsely that there were many trains from Boston to N. S. in the evening; and that the plaintiff exchanged his property in another place for the farm in N. S., the defendant acting as his broker in effecting the exchange, and receiving a commission from the plaintiff for his services. *Held*, that under these circumstances it could not be said, as matter of law, that the plaintiff was so careless in trusting the defendant that he should be precluded from recovering for the fraud practised upon him in regard to the running of the trains.

In an action of tort for false and fraudulent representations with a count in contract for money had and received, to which is annexed a bill of particulars claiming for cash paid " by mistake and under misapprehension of facts at the time of the conveyance," etc., evidence may be introduced under that count which will warrant a recovery, and in the absence of a motion for further particulars the count will be considered sufficient.

At the first trial of an action in the Superior Court the presiding judge ruled that the action could not be maintained on one of the counts of the declaration, and submitted the case to the jury upon another count, upon which a verdict was returned for the plaintiff, and the defendant alleged exceptions, which were here sustained. To the ruling on the first count the plaintiff alleged exceptions, which were allowed, but were never entered in this court. On motion of the defendant, after the former decision in this court, and after the plaintiff had amended his pleadings, the Superior Court dismissed the plaintiff's exceptions, but refused to affirm the ruling upon the defective count. *Held*, that the refusal was right, as there was no judgment of the Superior Court to affirm.

In an action for false and fraudulent representations a special finding of the jury that the defendants were partners renders immaterial any question as to the sufficiency of the evidence to warrant an instruction in regard to a possible combination or conspiracy of the defendants.

An exception of the defendant to a refusal of the presiding judge to rule that the action cannot be maintained on a given count of the declaration will not be sustained when the bill of exceptions recites that there was evidence tending to prove that count, and nothing appears to show that there was error in submitting it to the jury.

Where the declaration contains a count in contract and another in tort, and both are alleged to be for the same cause of action, it is error for the jury to return a verdict for the plaintiff on both counts, and in such a case the plaintiff, as a condition of taking judgment on the finding, should be required to remit his verdict on one of the counts, and the judgment should then be rendered on the other.

TORT, in five counts, for false and ·fraudulent representations, with a count in contract. Writ dated August 19, 1889.

At the trial, the plaintiff waived his claim under all the counts except the second and third.

The second count of the declaration, amended after the former decision in this case, reported 154 Mass. 445, by the addition of the words enclosed in brackets, alleged that the plaintiff purchased of Sarah C. Saunders a tract of land situated in North Stoughton, and conveyed to her his estate in Everett, and paid to the defendants, who were acting as his agents, three hundred and fifty dollars in cash and his note for thirty-seven dollars ; that the defendants, to induce him to purchase the land of Saunders, and to convey to her his estate in Everett, and to pay them the money and give the note, falsely [and fraudulently] represented to the plaintiff that the railroad

trains took aboard passengers at and left the depot in North Stoughton nearest to the land in question for Boston every week day at 5.50 of the clock in the morning, and lots of times out from Boston stopping at North Stoughton in the evening; that the plaintiff, believing that the representation was true, was thereby induced to purchase the land of Saunders in North Stoughton, and to convey to her his estate in Everett, and to pay to the defendants three hundred and fifty dollars in cash, and to give his note for thirty-seven dollars; that in truth and in fact the railroad trains did not, and since then have not, taken on board passengers at and left the depot in North Stoughton for Boston every week day at 5.50 of the clock in the morning, and there have not been lots of trains out from Boston which stopped at North Stoughton in the evening, [which the defendants well knew,] and there were no trains from Boston between 6.07 P. M. and 11.10 P. M. So that the plaintiff was prevented from getting to and from his work in Boston without great additional expense and loss of time, and was compelled to keep a horse and wagon therefor.

The third count was for money had and received, with a bill of particulars claiming $200 for cash paid " by mistake and under misapprehension of facts at the time of the conveyance to me by Sarah C. Saunders " of the land in North Stoughton. Answer, as to both defendants, a general denial.

The defendant Ezra F. Pratt also demurred to the declaration, and assigned as grounds of demurrer that the declaration set forth no cause of action; that the representations therein set forth were not fraudulent or actionable; that the representations alleged in the second count of the declaration were mere matters of opinion, lying as much within the knowledge of the plaintiff as of the defendant, and ought not to have misled the plaintiff, and therefore were not actionable; and that the bill of particulars annexed to the third count of the declaration was not such as entitled the plaintiff to recover.

The Superior Court overruled the demurrer; and the defendant Pratt appealed to this court.

At the trial in the Superior Court before *Sherman*, J., evidence was offered in support of the second count, tending to show that the plaintiff, in 1888, owned an estate in Everett,

where he lived ; that he worked in Boston as an engineer, and that his hours of work were from seven o'clock in the morning until six o'clock at night ; that in July, 1888, he saw an advertisement in a newspaper of a small farm near Boston for sale or exchange ; that subsequently, at the request of the defendant Stewart, he agreed to go to North Stoughton to look at the farm, which was in the hands of the defendants, for sale or exchange ; that he then supposed that the defendants were real estate brokers, and were acting as such for one Saunders, the owner of the farm ; that on August 2, 1888, in pursuance of their arrangement, the plaintiff and the defendant Pratt went to North Stoughton to look at the farm ; that while they were waiting in the railway car for the train to start from Boston the plaintiff asked Pratt if he could have a train at North Stoughton in the morning so that he could reach his work in Boston at seven o'clock ; that Pratt replied, " I can easily find that out," and went out of the car and procured a time table, and, returning, looked at the time table and said, " You can have a train in the morning at ten minutes of six, will that give you time enough to get in ? " and that the plaintiff replied, " That will give me plenty of time," after which Pratt, who professed, when he made the statement regarding the running of the train, to be reading from the time table, put the time table in his pocket ; that later, as the plaintiff testified, Pratt again examined it and said, " The train leaves North Stoughton at ten minutes of six in the morning, and lots of trains out at night " ; that the plaintiff believed that the representations made by Pratt were true ; that he relied upon them, and was induced thereby to exchange his estate in Everett for the farm in North Stoughton ; that he was born in Sweden, and understood English imperfectly ; and that he had no other knowledge of the running of railroad trains between Boston and North Stoughton, and made no attempt to obtain any other information, but relied upon Pratt's statements.

There was evidence tending to show that the defendants were copartners, and that they acted as brokers for the plaintiff, who paid them a commission for effecting the exchange of property.

It also appeared that a train did not leave North Stoughton at ten minutes of six in the morning, and that there were not " lots of trains out at night."

The defendants denied making any intentionally false representations, and Pratt testified that he simply read from the time table what he saw, or thought he saw, written on it. They also offered evidence tending to show that the plaintiff knew about the running of railroad trains between Boston and North Stoughton, and to show that they were not· acting as brokers for the plaintiff.

There was also evidence tending to prove the third count.

The defendants requested the judge to rule: 1. that, upon all the evidence, the plaintiff is not entitled to recover upon the second count in his declaration; 2. that the alleged representations set out in the second count of the plaintiff's declaration are matters of opinion or information equally available to all the parties, and therefore not actionable; 3. that the plaintiff cannot maintain his action upon the third count.

The judge refused so to rule, and the defendants excepted.

The defendant Stewart requested the judge to rule that the plaintiff could not recover against him upon the second count, unless the jury found that he and Pratt were partners, and that the representations were made within the scope of the partnership business.

The judge instructed the jury on this point substantially as requested, and further instructed them that, if the defendants were partners, and were in the transaction together, then one was liable for the conduct of the other; if they were partners in making the sale, and one of them was allowed to make it, both were responsible for whatever he did to consummate it; if they were not partners, they were liable only provided they put up the scheme together; that the plaintiff contended that there was a scheme on the part of the defendants to defraud him, and that they did it in concert, in other words that it was a conspiracy, and that they undertook to get the two hundred dollars by a system of falsehoods, and that the representation was a part of the scheme; that if the jury should find that the defendants undertook to get the money fraudulently, and intended to cheat the plaintiff if they could, and by any means they could, each of them would be liable for whatever was done by the other in furtherance of such an undertaking, although they were not partners; and that if they

were not partners, and one was acting honestly, only the one
who committed the fraud would be liable.

The judge submitted the question whether or not the defend-
ants were partners to the determination of the jury, who an-·
swered the question in the affirmative, and returned a verdict
for the plaintiff for two hundred dollars on each count; and the
defendants alleged exceptions.

At the first trial of this case, the judge, at the close of the
evidence for the plaintiff, ruled that the action could not be
maintained upon the first and third counts of the declaration.
The case was submitted to the jury on the second count,
and a verdict was returned for the plaintiff. The defendants
then alleged exceptions, which were afterwards sustained in
this court. See 154 Mass. 445. To the ruling upon the first
and third counts the plaintiff alleged exceptions, which were
filed and allowed, but were never entered in this court. There-
after the defendant Pratt, in November, 1891, in the Superior
Court, before *Dewey*, J., moved to dismiss the exceptions, and
to affirm the judgment of the Superior Court. The judge dis-
missed the exceptions, but refused to affirm the alleged judg-
ment, upon the ground that no judgment had been rendered;
and the defendant Pratt alleged exceptions.

*B. C. Moulton & V. J. Loring*, (*E. D. Loring* with them,) for
the defendant Pratt.

*F. A. Perry*, for the plaintiff.

KNOWLTON, J.   This case comes before us on an appeal from
an order of the Superior Court overruling the defendant Pratt's
demurrer to the declaration, on a bill of exceptions to the refusal
of the court to order a judgment for the defendants upon the
first and third counts, on the dismissal of the plaintiff's excep-
tions after the first trial, and on a bill of exceptions to certain
rulings and refusals to rule at the last trial.

At the last trial the plaintiff waived his claim under all the
counts except the second and third, and the demurrer to these
two counts is all that is material under the defendant Pratt's
appeal.  Since the former hearing of the case in this court (see
154 Mass. 445) the second count has been amended, and the
defects in it which were then pointed out have been remedied.
The objections which are principally urged against it in its

present form are, first, that the running of the railroad trains between North Stoughton and Boston was not a matter affecting the value of the farm so directly that it could be the subject of a fraudulent representation, and, secondly, that it was a subject in regard to which the plaintiff had ample opportunity to obtain information for himself, and that he had no right to rely on the representations of the defendants.

As to the first objection, it seems clear that the proximity of a dwelling-house to a railroad station in the vicinity of Boston is a matter which tends greatly to affect the value of the property. It is ordinarily one of the first subjects to attract the attention of a purchaser. The frequency of the arrival and departure of trains at different hours of the day is as much to be considered as the existence of the railroad. We have no doubt that this was a matter which had such a relation to the value of the property that it might be the subject of a fraudulent representation.

The most difficult question in the case grows out of the fact that the subject of the misrepresentations was one of which the plaintiff easily might have obtained information from other sources. This question arises on the demurrer, and in a slightly different form on the bill of exceptions taken at the trial.

It has often been held, in general terms, that one bargaining with another must use reasonable diligence to discover for himself facts obvious to an ordinary observer, of which the means of knowledge are equally available to both parties. If he fails to do this he cannot maintain an action of deceit for the misrepresentation of them. *Salem India Rubber Co.* v. *Adams*, 23 Pick. 256. *Brown* v. *Leach*, 107 Mass. 364. *Poland* v. *Brownell*, 131 Mass. 138. But in the application of this rule, the circumstances of each case should be considered to determine whether the plaintiff has been guilty of such inexcusable negligence as should preclude him, under a general rule of public policy, from having a remedy against one who has fraudulently abused his confidence. It has been held that one may recover for false representations of facts which he could have ascertained by an examination of records in the registry of deeds ; *Grimes* v. *Kimball*, 3 Allen, 518, 523 ; and that one buying a large number of carpets in a furnished house may take the seller's statement of their meas-

urement, although he could easily measure them for himself. *Lewis* v. *Jewell*, 151 Mass. 345. Looking first at the demurrer, we are of opinion that the allegations of the second count are sufficient. It is charged that the defendants, to induce the plaintiff to purchase, falsely and fraudulently made these representations in regard to the running of trains, and that the plaintiff believed them to be true, and was thereby induced to purchase. It cannot be said that the times of the running of railroad trains is a matter so easily ascertainable by all persons under all circumstances that it can never be the subject of a fraudulent representation. The allegation is that it was made the subject of a fraud in this case. The circumstances are not set out in the declaration, and need not be. Moreover, it is alleged that the defendants were acting as agents of the plaintiff, and in a relation of confidence the plaintiff would be warranted in relying on their assertions, when he would not be if they were representing only an adverse interest.

If we consider in this connection the exception taken at the trial to the refusal to direct a verdict for the defendants on this count, we find that the plaintiff was a native of Sweden, who spoke English imperfectly ; that Pratt, one of the defendants, while they were in a railway car waiting for the train to start for North Stoughton to look. at the farm, undertook to find out for the plaintiff in regard to the running of trains, and went out of the car and got a time table, and after his return looked at it, and made the false representations for which this action is brought. The testimony was that he professed to be reading from the time table when he made the statement, and that when he had finished reading from it he put it in his pocket. It appeared that the plaintiff exchanged his real estate in Everett for this farm, and there was evidence that the defendants acted as his brokers in making the exchange, and that they were paid°a commission by him for their services. Under these circumstances we cannot say, as matter of law, that the plaintiff was so careless in trusting Pratt that he should be precluded from recovering for the fraud practised upon him in regard to the trains. We are of opinion that the ruling on the demurrer to this count, and the rulings at the trial, were correct.

The third count was in the ordinary form for money had and

received, with a bill of particulars claiming for cash paid " by mistake and under misapprehension of facts at the time of the 'conveyance," etc. Under this count evidence might be introduced which would warrant a recovery, and in the absence of a motion for further particulars we are of opinion that the count was sufficient, and that the demurrer was rightly overruled. *Hayes* v. *Wilson*, 105 Mass. 21.

After the first trial, and before the last, the defendant Pratt took an exception to the refusal of the judge to " affirm the judgment of the Superior Court " upon the first and third counts, at the time of allowing his motion to dismiss the plaintiff's exceptions to the rulings on these counts, for failure to enter the exceptions in the Supreme Judicial Court. The refusal was right. There was no judgment of the Superior Court to affirm. There was merely a ruling at the first trial that the plaintiff could not recover on these two counts, and at the same time there was a verdict for the plaintiff on the second count, and a bill of exceptions filed by the defendants, which was afterwards sustained in this court. On the order for a new trial all matters were open, and the plaintiff availed himself of his right to file motions to amend his pleadings, and the motions were allowed.

There remain for consideration two or three questions raised by the exceptions taken at the last trial. It is now immaterial whether there was evidence to warrant the instruction given in regard to the possible combination or conspiracy of the defendants, for the jury found specially that they ·were partners, and they were therefore both holden for what was done by either of them in the transaction of the partnership business.

The defendants requested the court to rule that the action could not be maintained on the third count. But the bill of exceptions recites that there was evidence tending to prove this count, and nothing appears to show that there was error in submitting it to the jury. *Dana* v. *Kemble*, 17 Pick. 545. *Boston & Worcester Railroad* v. *Dana*, 1 Gray, 83.

There appears to be an error in the return of the verdict for the plaintiff on both of these counts. One count was in contract and the other in tort, and they are alleged to be for the same cause of action. Counts in contract and in tort cannot be

joined in the same suit unless they are for the same cause of action. The jury should have been instructed that, if they found for the plaintiff on one count, they should find for the defendant on the other. The finding was for the plaintiff for $200 on each count. No motion appears to have been made and no exception taken in regard to this error of the jury. If we interpret the record correctly, the plaintiff, as a condition of taking judgment on the finding, should be required to remit his verdict on one of these counts, and the judgment should then be rendered on the other. But as statements in different parts of the record are somewhat indefinite and confusing, we leave this part of the case for further proceedings in the Superior Court.                    *Exceptions overruled.*