PHILIP G. PEABODY *vs.* HARLAN P. WHITCOMB & another.

Suffolk.    March 7, 1907. — May 14, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Deceit.    Practice, Civil,* Findings by trial judge.    *Words,* "Relied."

In an action of tort for false and fraudulent representations whereby it was alleged that the plaintiff was induced to convey certain real estate to the defendant in exchange for shares in a certain corporation in regard to whose earnings the representations were made, the judge, before whom the case was tried without a jury, found that the defendants had made certain representations to the plaintiff concerning the earnings of the corporation, and upon the question whether the plaintiff was misled by these representations made the following finding: "I am not satisfied that the plaintiff relied upon the oral statements made to him by the defendants, and find for the defendants accordingly." *Held,* that the meaning of this finding was that the judge was not satisfied that the representations operated upon the plaintiff's mind in such a way as to cause him to depend upon them materially in making the trade, this being the plain import of the word "relied" as used by him, and that, if the plaintiff did not rely on the representations, it was immaterial whether they were false.

MORTON, J.    This is an action of tort for false representations in regard to certain stock which the plaintiff received from the defendant Anderson in exchange for certain real estate conveyed to him by the plaintiff.    The case was tried before a judge of the Superior Court, without a jury, and the judge found for the defendants.    Thereupon the plaintiff moved for a new trial, and for certain specific findings.*    The motion was overruled. The case is here on exceptions by the plaintiff to the refusal of the judge to give certain rulings that were requested, and to the overruling of the motion for a new trial and for specific findings.

The representations relied upon related to the earnings of the corporation which issued the stock that was transferred to the plaintiff by Anderson.    The plaintiff contended that he was in-

---

* The questions upon which the plaintiff asked for specific findings were as follows: First. As to whether the representations as to the company's earnings made by the defendants to the plaintiff were false.    Second. If the representations were false, whether they exercised any effect on the plaintiff's mind.

duced to make the trade by Anderson's representations that the corporation was earning and had been earning enough to pay eight per cent on the preferred and six per cent on the common stock, and by representations on the part of the defendant Whitcomb, who was president of the corporation, to substantially the same effect in reply to questions put to him by the plaintiff and by one Parker on behalf of the plaintiff. The defendant Whitcomb did not own any of the stock that was transferred by Anderson to the plaintiff and was not interested in the trade in any way.

The plaintiff requested the judge to rule, amongst other things, that if the plaintiff in making the exchange "was 'materially influenced' (*Safford* v. *Grout*, 120 Mass. 20, *Burns* v. *Dockray*, 156 Mass. 135) by the representations of the defendants, then the plaintiff is entitled to recover as matter of law," and also "that if the defendants being officers and directors of a corporation made false representations to the plaintiff as to the earnings on which he relied to his hurt," the defendants would not be relieved by reason of an examination of the books made by the plaintiff upon the defendant's offer which was so slight and superficial that the plaintiff did not discover the fraud.

The court found that "both of the defendants represented that the corporation had been earning more than enough to pay dividends upon all the outstanding stock, both preferred and common, of the corporation," but on "the question whether the plaintiff was in fact misled by the statements of the defendants concerning the earnings of the corporation," after referring to various considerations bearing upon that question, stated his finding and conclusion as follows: "I am not satisfied that the plaintiff relied upon the oral statements made to him by the defendants, and find for the defendants accordingly."

The plaintiff does not contend that the finding of the court can be set aside as unwarranted by the evidence. But he contends that in consequence of the refusal of the presiding judge to rule as requested and to make the specific findings asked for, that it is uncertain whether he found for the defendants on the ground that he was not satisfied that the plaintiff was materially influenced by the representations to make the trade or on the ground that he was not satisfied that they furnished the sole or predominant motive for making the trade. But we think it

plain that what the presiding judge meant by his finding was that he was not satisfied that the representations operated upon the plaintiff's mind in such a way as to cause him to depend upon them materially or otherwise in making the trade. This is the plain import of the word " relied " as used by him. If the plaintiff did not rely upon them then it is immaterial whether the representations were false, and the specific findings that were asked for and the rulings that were requested were therefore properly refused. We do not understand the exception to the overruling of the motion for a new trial to have been argued except so far as it relates to the specific findings requested and as to them only so far as they bear upon or affect the rulings that were requested and refused.

The result is that the exceptions must be overruled.

*So ordered.*

*F. T. Benner,* (*L. A. Brown* with him,) for the plaintiff.

*J. K. Berry,* for the defendants, was not called upon.