ALEXANDER DUNCAN *vs.* JOHN J. DOYLE.

Middlesex.    October 17, 1922. — November 29, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Deceit.*

At the trial of an action for deceit in the sale of a house and land, there was evidence tending to show that, when the defendant had purchased the property, the cellar had a dirt floor and his grantor had told him that "the cellar was a wet cellar;" that in the preliminary negotiations between the plaintiff and the defendant, the plaintiff had examined the premises and the cellar; that the cellar floor then was concrete and the cellar was dry; that the plaintiff told the defendant that he had no experience in buying and selling real estate; that, when the defendant was asked if there was anything the matter with the

house, he said "Not a thing;" that the plaintiff "took" the defendant's "word for it;" that the defendant's agent informed the plaintiff that the cellar was absolutely dry; that the premises were conveyed to the plaintiff in November and, by agreement of the parties, the defendant remained in possession until the following May, and, when the plaintiff then took possession, there were several inches of water in the cellar; that the defendant said the water would go away when the rain stopped, and would come only once in a while when it rained, and that, when informed that it had not rained for three or four days, he stated "Well, when you buy property you have got to take a chance." *Held*, that

(1) The representation that the cellar was a dry cellar was not a mere expression of opinion, but was a representation of a material fact;

(2) The evidence warranted a finding that the representation was false;

(3) Findings were warranted that the plaintiff was ignorant of the falsity of the representation and believed it to be true, and that the defendant intended that it be acted on;

(4) A finding was warranted that the plaintiff acted on the false representation to his damage;

(5) It was not necessary that the false representations be the sole inducement to the contract;

(6) A finding for the plaintiff was warranted.

TORT for deceit in the sale of real estate. Writ dated May 6, 1921.

In the Superior Court, the action was tried before *Bishop*, J. Material evidence is described in the opinion. At the close of the evidence of the plaintiff, the defendant rested and moved for a verdict in his favor. The motion was granted, the verdict was entered and the judge reported the action to this court for determination, with the stipulation of the parties that, if there was any evidence to be submitted to the jury, judgment was to be entered for the plaintiff in the sum of $400; otherwise, judgment was to be entered for the defendant.

The case was submitted on briefs.

*J. J. Kerwin, J. C. Reilly & J. J. O'Sullivan,* for the defendant.
*W. D. Regan,* for the plaintiff.

CARROLL, J. This is an action of tort to recover for alleged deceit in the sale of real estate. In the Superior Court the defendant's motion for a directed verdict was allowed and the case reported to the Supreme Judicial Court on the stipulation that if there was any evidence to be submitted to the jury, judgment was to be entered for the plaintiff in the sum of $400; otherwise, judgment to be entered for the defendant.

The plaintiff and the defendant entered into a written contract

for the sale and purchase of the real estate in question. In November, 1920, the premises were conveyed to the plaintiff, and by agreement between the parties, the defendant remained in occupancy until 1921. There was evidence that the cellar floor was covered with concrete; that prior to the execution of the agreement of sale and purchase, while the plaintiff was inspecting the premises, the defendant's agent informed him that the cellar was absolutely dry; and that the agent was authorized by the defendant to make this statement. The plaintiff testified that the defendant assured him as to the dryness of the cellar. There was testimony tending to show that when the plaintiff took possession of the house in May, 1921, he found several inches of water in parts of the cellar, which seemed to be coming up through the concrete floor, and when the defendant's attention was called to this condition, he told the plaintiff, "the water will go away just as soon as the rain stops;" "the water will only come in once in a while when it rains." When informed by the plaintiff that it had not rained for three or four days, and "the water was still there," the defendant replied: "Well, when you buy property you have got to take a chance." The defendant's grantor testified that when he sold the property to the defendant in August, 1919, the cellar was not covered with cement concrete, "but with a dirt floor," and he told the defendant "the cellar was a wet cellar."

If this evidence were believed, the jury could have found that the defendant made a false statement of a material fact. The representation that the cellar was a dry cellar was not a mere expression of opinion as to its condition, it was a representation of fact; see *Holst* v. *Stewart*, 161 Mass. 516, 522; *Cutter* v. *Hamlen*, 147 Mass. 471, 475; *Safford* v. *Grout*, 120 Mass. 20; *Durkin* v. *Cobleigh*, 156 Mass. 108, 111, 112; and it could have been found that such statement was known by the defendant to be false.

The plaintiff inspected the premises, but the evidence does not show the cellar was wet when he made his examination; the jury could have found that he was ignorant of the falsity of the representation, that he believed it to be true, and that it was made with the intent it be acted upon. *Brady* v. *Finn*, 162 Mass. 260. *Holst* v. *Stewart*, *supra*.

The plaintiff told the defendant he had no experience in buy-

ing and selling real estate, and when the defendant was asked if there was anything the matter with the house, he said, "Not a thing." The plaintiff also testified in answer to the question, "You didn't think it was necessary to have any reference to the cellar incorporated in this written agreement that you signed?" "I took his word for it." From this testimony, together with all the evidence in the case, the jury could have found that the misrepresentation was acted upon by the plaintiff to his damage. See *Fottler* v. *Moseley*, 179 Mass. 295, 298, 299; *Reeve* v. *Dennett*, 145 Mass. 23, 29.

It was not necessary that the false representation should have been the sole inducement to the contract. See *Matthews* v. *Bliss*, 22 Pick. 48, 53; *Safford* v. *Grout, supra.*

All the elements essential to establish an action for deceit were shown. It could not be ruled as matter of law that the plaintiff had not made out a case. As there was evidence to be submitted to the jury, judgment is to be entered for the plaintiff in the sum of $400.

*So ordered.*