ANIELA RYKIEL *vs.* HARRY SKLAVER.

Suffolk.     February 28, 1927. — May 21, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Equity Jurisdiction,* To rescind contract.   *Contract,* Validity, Rescission. *Fraud.*

In a suit in equity to rescind an agreement in writing for purchase by the plaintiff and sale by the defendant of certain real estate, it appeared that the real estate comprised two apartment houses containing twenty-eight suites; that to induce the plaintiff, a woman who could read and write Polish, and could speak and understand English imperfectly, to make the agreement, the defendant orally represented to her that the suites were rented for $21,852 per year; that the plaintiff believed this statement to be true and thereby was induced to sign the agreement on October 14, 1925, at which time all the suites were rented, twenty-five under written leases and three under oral agreements, most of the leases being for terms of one year from September 1, 1925, at a monthly rental of $75 per month, but some of the suites not then being completed. The agreement recited: "The rents of the said premises amount to Twenty-one Thousand Eight Hundred and Fifty-two Dollars a year." The plaintiff was to take title on November 1.   Before the signing of the leases and as an inducement to the lessees to sign, the defendant had entered into a private stipulation with at least seventeen of them by which they should have their apartments free of rent for the month

of September, a stipulation which the defendant observed and carried out. A final decree for the plaintiff was entered and the defendant appealed. *Held,* that

(1) The false representation related to the annual rentals of the entire property on October 14, 1925; owing to the private agreements not to pay rent for the month of September, made with seventeen of the tenants as an inducement to them to take leases, the total annual rent amounted to much less than as represented;

(2) The false representation made orally, and the recital to the same effect in the agreement itself, were representations of an important and material fact;

(3) The fact, that after November 1, 1925, when the plaintiff would take title under the agreement, she would be entitled to receive an annual rental under the leases amounting to $21,852 did not affect the falsity of the representation;

(4) The plaintiff was not negligent as matter of law in failing to discover that the representation was false;

(5) The decree ordering rescission properly was entered.

BILL IN EQUITY, filed in the Superior Court on November 2, 1925, to rescind an agreement for the purchase of real estate.

The pleadings are described in the opinion. The suit was heard by *McLaughlin,* J. Material facts found by him are stated in the opinion. By order of the judge, a final decree was entered dismissing a cross bill and ordering rescission and the repayment of a deposit to the plaintiff. The defendant appealed.

The case was submitted on briefs.

*S. Gottlieb & J. H. Moran,* for the defendant.

*J. W. Vaughan & S. Fijal,* for the plaintiff.

CROSBY, J. This is a suit in equity brought to rescind and cancel a written agreement for the purchase and sale of real estate. The defendant filed a cross bill in which he seeks specific performance of the contract. The case was heard by a judge of the Superior Court who found that the allegations of fraud contained in the plaintiff's bill were sustained and that she was not negligent in failing to discover the facts respecting the alleged fraudulent representations. A final decree was entered dismissing the cross bill, and ordering the defendant to pay the plaintiff the sum of $600 deposited by her when the agreement was executed. The case is here upon an appeal from the decree. The evidence is reported.

The agreement recited that "The rents of the said premises amount to Twenty-one Thousand Eight Hundred and Fifty-two Dollars a year. (21,852)." The plaintiff, a Polish woman, could neither read nor write English; she could read and write Polish, and could speak and understand English imperfectly. The defendant was a builder of houses on his own account. The two apartment houses described in the agreement were new and contained twenty-eight suites. For the purpose of inducing the plaintiff to buy the property the defendant orally represented to her that the suites were rented for $21,852 per annum. The plaintiff believed this statement to be true and thereby was influenced to sign the agreement. On October 14, 1925, the date the agreement was signed, all of the twenty-eight apartments were rented, twenty-five under written leases and three under oral agreements. Most of the written leases were for terms of one year from September 1, 1925, at a monthly rental of $75 a month. When the agreement was made some of the suites had not been completed.

The trial judge made the following and other findings: "In truth and in fact, previously to the signing of the leases and as an inducement to the lessees to sign, the defendant had entered into a private stipulation with them by which they should have their apartments free of rent for the month of September, a stipulation which the defendant observed and carried out. Its effect upon the plaintiff's interest, taking one lease as a type of many others, may be shown as follows:—By the terms of the lease of suite 10, dated July 29, 1925, the lessee was to have and to hold the premises for the term of one year beginning with the first day of September, 1925, the lease to continue in full force and effect thereafter from year to year until one of the parties should, on or before July first in any year, give to the other party written notice of his intention to terminate the lease on the thirty-first day of August; 'yielding and paying rent at the rate of $75 per month, the first payment to be made on the first day of September next, 1925, and $75 on the first day of each succeeding month during the balance of the lease.' In consequence, however, of the

oral agreement aforesaid, this suite did not yield and pay $75 a month from September 1, 1925, or $900 a year from that date, but would yield and pay in fact for that period a rental of but $825; and so as to each of at least seventeen similar leases in relation to which this private treaty was made, resulting in a difference in the total rent per year as represented, of about $1,200. Shortly before she signed the agreement to purchase, all the leases were shown to the plaintiff's attorney, and . . . nothing was said concerning the remittal in these numerous instances of a month's rent." The judge further stated: "Apart from the question of fraud, the contract itself expressly provides . . . that the rents 'amount to $21,852'. This I regard as a warranty going to the essence of the contract, and if for no other reason, the warranty having been broken, the plaintiff is entitled to rescind."

The defendant does not deny that the representation respecting the rental of the property was made by him, but contends that it did not relate to a material fact; and that, if material, the plaintiff was not harmed thereby. It is manifest that the false representation made orally, and the recital to the same effect in the agreement itself, were representations of an important and material fact. *Durkin* v. *Cobleigh*, 156 Mass. 108. *Holst* v. *Stewart*, 161 Mass. 516, 522. *Duncan* v. *Doyle*, 243 Mass. 177. There was evidence that the representation was false to the knowledge of the defendant and that the plaintiff, relying upon it, was induced to sign the agreement.

The findings made upon oral testimony will not be reversed unless plainly wrong. *Lindsey* v. *Bird*, 193 Mass. 200. *Martell* v. *Dorey*, 235 Mass. 35, 40. *Forman* v. *Gadouas*, 247 Mass. 207, 210. We have carefully examined the entire evidence and are satisfied that the findings were warranted. The decision in *Mabardy* v. *McHugh*, 202 Mass. 148, is not pertinent to the facts in the case at bar. The false representation related to the annual rentals of the entire property on October 14, 1925. Owing to the private agreements not to pay rent for the month of September, made with seventeen of the tenants as an inducement to

them to take leases, the total annual rent amounted to much less than as represented.

The fact that after November 1, 1925, when the plaintiff would take title under the agreement, she would be entitled to receive an annual rental under the leases amounting to $21,852 does not affect the falsity of the representation. It related to a material fact which the defendant stated existed when the representation was made, and upon which the plaintiff was entitled to rely. The plaintiff was not negligent as matter of law in failing to discover that the representation was false. *Holst* v. *Stewart, supra. Brady* v. *Finn,* 162 Mass. 260, 267. *Dzuris* v. *Pierce,* 216 Mass. 132. *Lynch* v. *Palmer,* 237 Mass. 150, 152.

*Decree affirmed with costs.*