*District Court of Southern Essex*

No. 1190 of 1954

*Northern District*

No. 4849

**CHARLES H. WATTS, O. W. CASPERSEN
and ROY E. TUCKER, as they are
Trustees of Industrial Bankers, d/b/a
PERSONAL FINANCE COMPANY**

v.

**BERNARD J. ZETLAN**

(December 16, 1955)

*Gadsby, P. J.* This is an action of contract and tort tried before (*Johnson, S. J.*) in which the plaintiffs seek to recover $209.40 from the defendant.

The Plaintiffs' Declaration contains two counts. *Count* 1 alleges in substance that on September 11, 1953 the defendant made a promissory note payable to the plaintiffs under the terms of which upon default in the payment of any installment of principal and interest, the entire remaining balance of the note should become due and payable and that there was a default on October 11, 1953, whereby the entire amount of said note became due and payable. *Count* 2 alleges in substance that on September 11, 1953 the defendant, for the purpose of inducing the plaintiffs to loan $209.40 to the defendant, falsely represented to the plaintiffs in writing that his total indebtedness was $96.78 whereas in fact the defendant's total indebtedness on said date amounted to at least $867.93 and that the plaintiffs in reliance upon representations of the defendant, loaned the defendant

$209.40, whereby the plaintiffs were damaged in the amount of $209.40.

The defendant filed a Suggestion of Bankruptcy on or about December 23, 1953 and an Answer containing a general denial and an allegation that if he ever owed the plaintiffs anything, the same had been paid in full.

*At the trial* Francis T. Glynn, the loan manager for the plaintiff, testified as follows: That on September 11, 1953 the defendant applied to the loan manager at the plaintiffs' place of business in Boston for a loan; that on said date the defendant was indebted to the plaintiffs in the amount of $96.78 in the form of an unpaid balance on a prior loan; that he produced a blank form "Application and Financial Statement" that he filled in, in his own handwriting on the blank, the date, the address "Personal Finance Co., 77 Summer St., Boston", the amount of the loan applied for and the words "Personal Finance 96.78"; that he then inquired of the defendant as to any other debts owed by the defendant; that the defendant replied that he had no other debts and that he, Francis T. Glynn, then inserted "96.78" after the word "Total" under the heading "Names of Creditors" and on inquiry of the defendant inserted the amount of the defendant's salary and "96.78" at the bottom of the form; that the defendant then signed the form and inserted his address and that he, Francis T. Glynn, witnessed his signature. Said financial statement was offered and received in evidence as plaintiffs' Exhibit 1, and a copy thereof is attached hereto marked "A". He then called a credit exchange in Boston to inquire as to any outstanding balances which the defendant might have with any loan companies and that he was informed there was no record in that area. He further testified that the defendant signed a note payable to the plaintiffs in the amount of $209.40, the original of which was offered in evidence and received as plain-

tiffs' Exhibit 2, and a copy of which is attached hereto and marked "B". He further testified that he actually gave the defendant $112.62 in cash after deducting $96.78 on the previous loan hereinbefore mentioned.

There was further evidence that in fact on September 11, 1953 the defendant actually owed a balance of $517.93 to Public Loan Company, 333 Washington St., Boston, Mass., on a debt incurred July 13, 1953 and $350.00 to Personal Finance Company, 22 Central Ave., Lynn, Mass., on a debt incurred May 6, 1953. The plaintiffs' loan manager testified that he based his decision to grant the loan upon the information furnished him by the defendant by way of the Application and Financial Statement and that had he known that on September 11, 1953 the defendant in fact owed $867.93 in addition to the amount revealed on the Application and Financial Statement, he would not have granted the loan.

There was further evidence that no payments were ever made by the defendant on account of the note; that on or about December 23, 1953 the defendant filed a voluntary Petition in Bankruptcy; that the defendant was duly adjudicated a bankrupt on December 23, 1953; and that the claim of the plaintiff in this suit was duly scheduled. The defendant testified that when he signed Exhibit A in question that said Exhibit A was in blank except that it had some handwriting on it.

It is not necessary to discuss all of the plaintiffs' requests for rulings. Suffice to state, that the court took the following action on certain of these requests. Request number 3 was as follows:

3. The evidence warrants a finding that the defendant on September 11, 1953 applied for a loan from the plaintiffs in the sum of $209.40; that the defendant on said date signed a promissory note in the sum of $209.40 payable to the plaintiffs; that the defendant, in order to induce the plaintiffs or their agents to make said loan, signed a financial statement, a copy of which is annexed to the Plaintiffs' Declaration, and that the

plaintiffs through their agents returned to the defendant a note in the amount of $300.00 and accepted in place thereof said new note due at a future date, relying on said financial statement and believing it to be true; that said financial statement was a materially false statement in writing representing the defendant's financial condition, and that the plaintiffs or their agents did not know and had no reason to know that the said financial statement was a materially false statement; that the transaction constituted the obtaining of money and property by false pretenses and false representations within the meaning of Section 17 of the Bankruptcy Act of 1939. *Samet v. Farmers Bank,* 247 Fed. 699; In re Weitzman, 11 Fed. (2d) 897; *Harrod Construction Corporation v. Englander,* 273 N. Y. S. 136, 139.

The court denied this request as not conforming to the facts found.

Requests numbered 4, 5 and 6 are as follows:

4. The evidence warrants a finding that on or about September 11, 1953 the defendant signed a financial statement, a copy of which is annexed to the Plaintiffs' Declaration.

5. The evidence warrants a finding that the plaintiffs loaned the defendant money relying on said financial statement. In re Muscara, 18 Fed. (2d) 606; In re Ernst, 107 Fed. (2d) 760.

6. The evidence warrants a finding that said financial statement was a materially false statement in writing respecting the defendant's financial condition. Bankruptcy Act, Sec. 14c III; In re Smatlak, 99 Fed. (2d) 687; In re Levine, 28 Fed. Supp. 819.

These were allowed by the court as modified by the court's findings.

Requests numbered 7, 8 and 10 are as follows:

7. The evidence warrants a finding that said financial statement was known by the defendant to be false. *Third National Bank v. Shatten,* 81 Fed. (2d) 538; In re Perlmutter, 256 Fed. 862; In re Muscara, 18 Fed. (2d) 606; *Watts et al v. Ward,* Mass. App. Div., North Dist. 3164 Decided August 11, 1942, 7 Mass.

8. The evidence warrants a finding that said financial statement was made by the defendant for the purpose of inducing the plaintiffs to grant a loan to the defendant.

10. The evidence warrants a finding that the defendant obtained money and property by false representations, and that the claim of the plaintiffs is one that is not dischargeable in bankruptcy and that the plaintiffs are entitled to recover on their contract under Count 11 of their declaration.

These were denied by the judge as inapplicable to the facts found.

The judge made the following findings of fact:

"I am not satisfied from the preponderance of evidence that the defendant made out the application in evidence, as believable testimony convinces me that the defendant signed same in blank."

While it is usually correct practice to deny requests on the basis they are inconsistent with the facts found, yet there must be evidence on which to base said finding. Not only was there no evidence to support the judge's finding that the defendant signed the Application and Financial Statement in blank, but the defendant himself testified that there was handwriting on it. *Bangs v. Farr*, 209 Mass. 339. Furthermore, even if the defendant did sign in blank, that did not absolve him from liability because, in the absence of fraud, he was bound by its terms. *Atlas Shoe Co., v. Bloom*, 209 Mass. 563 at 567. As was said in *Cohen v. Santoianni*, 330 Mass. 187 at 193, "The general rule is that, in the absence of fraud, one who signs a written agreement is bound by its terms whether he reads and understands it or not or whether he can read or not."

There was evidence that the plaintiffs did rely on the defendant's representations and the mere fact that the plaintiffs' credit manager made an independent investigation of the defendant's credit did not negative his reliance on the statement given by the defendant as to his credit. *McGrath v. Sherer Co.*, 291 Mass. 35; *Duncan v. Doyle*, 243 Mass. 177 at 179.

Therefore the action of the judge in denying plaintiffs' requests as inapplicable to the facts found

cannot stand when there is no evidence on which to base the Court's findings of fact.

The finding of the trial judge is reversed and the case is remanded to the District Court for a new trial.

Hale and Dorr, for the plaintiffs.
Louis Kobrin, for the defendant.