*Southern District*

JOSEPH D. CLANCY
BEATRICE J. CLANCY
Plaintiffs

v.

ROLAND L. DUGUAY
ROBERT O. DION

SURBURBAN HOME COUNSELLORS OF
GREATER BOSTON, INC.
Defendants

*Present*: Nash, P. J., Cox & Murphy, JJ.
Case tried to *Colten, J.* in the District Court of Southern Norfolk. No. 15619.

*Murphy, J.* This is an action of tort for alleged misrepresentations as to the condition of a cellar in a dwelling house purchased by the plaintiffs. The declaration is in three counts: Count one against Surburban Home Counsellors of Greater Boston, Inc., Count two against Roland L. Duguay, and Count three against Robert O. Dion.

We are only concerned with count two against Duguay. The court found for the defendants on the other two counts.

The answer of the defendant Duguay, was a general denial and lack of consideration and that any statements made concerning the condition of the cellar were not in writing and were agreements not to be performed within one year.

The evidence disclosed that the plaintiffs, who were husband and wife, entered into a written agreement with Duguay to purchase land with a dwelling house to be built thereon by Duguay at No. 39 Beechnut Rd. in Westwood, Norfolk County, Massachusetts for $17,500.00; the agreement contained nothing

with respect to the dry or wet condition of the cellar.

Two days before title was to pass, the female plaintiff, having been informed that there was water in the cellar called the defendant Dion, who was the broker in the transaction and informed him that if there was water in the cellar they would not buy the property. Dion called Duguay, the builder who informed Dion that: *"There was no water problem there"* and that *"water was in the area where the cellar floor was not poured"* and *"that when the cellar floor was poured the water would go"*. Dion then relayed this message to the female plaintiff. The plaintiffs had no talk personally with Duguay before the passing of papers.

There was evidence that the floor had been sloped and that Duguay had already installed a sump pump at the low point prior to the statement he made to Dion. Mrs. Clancy did see water in the cellar on the unpoured section.

It was agreed that from and after title passed the plaintiffs had water in the cellar in greater frequency and that for over a year after the pouring Duguay made a dozen trips to try and remedy the condition.

There was evidence from an architect for the plaintiff that ordinarily cellars are not sloped; nor are sump pumps ordinarily installed in a new house. He further testified that to drain the water from the cellar to a catch basin six hundred (600) feet outside

located in the street would cost $6.00 a foot or $3,600.00; that a good sump would cost $225.00.

The court found the following facts:

"The plaintiffs entered into a written agreement with the defendant Duguay to purchase land and a house then being built by him situated at #39 Beechnut Rd. in Westwood for $17,500; that two days prior to the passing of title, the plaintiffs having been informed that there was about six inches of water in the cellar called the defendant Dion, the broker, who was the agent of Duguay and informed Dion of that fact and told him that if there was water in the cellar they would not buy the property; that Duguay was called by Dion and Dion then informed the plaintiffs that Duguay had told him that there was no water problem there; that Duguay had sloped the cellar floor and had installed a sump pump prior to his statement to Dion; that the plaintiffs *had not seen* the *construction or condition* of the cellar and had no conversation with Duguay prior to passing of title, regarding the condition of said cellar."

The report states that the plaintiff testified she saw water on the unpoured section of the cellar, but that's all. This apparent inconsistancy between the reported evidence and the findings, is of no consequence and was waived by the defendant, in any event.

The court made further findings that the cellar was not dry prior to the passing of title, and still is flooded with wated at times: and found that the plaintiffs were induced to enter into this sale in reliance upon a false

representation of a material fact susceptible of knowledge which was made as of the party's own knowledge and was stated as a fact and not as a matter of opinion and found for the plaintiffs on count #2 against the said defendant, Duguay, in the sum of $2,500.00 and for the defendants, Dion and Surburban Home Counsellors of Greater Boston, Inc. on the other counts.

The defendant Duguay filed seven requests for rulings, the court allowed 2, 4 and 6, and denied 1, 3, 5 and 7. The requests denied are as follows:

1.) Upon all of the evidence the plaintiffs cannot recover from the said Duguay because there is no evidence of any misrepresentation as to matters of fact having been made by the said Duguay with the intention to induce the plaintiffs to act thereon with knowledge of their untruth or of a fact or facts susceptible of actual knowledge with recklessness as to truth or falsehood.

3.) No statements made by the defendant Dion, or agents or employees of the defendant, Surburban Home Counsellors of Greater Boston, Inc., would be binding upon the defendant, Duguay, in this instant matter.

5.) Statements, if any, made by the defendant, Duguay, were statements of opinion of conditions to exist in the future, or of matters promissory in nature and as such will not permit the plaintiffs to recover in this instant action.

7.) A statement made by the defendant, Duquay, to the effect that there was no water in the cellar area, but that he had sloped the cellar

floor and had installed a pump and drain to carry off water in case there should be any water in the cellar area would not entitle the plaintiffs to recover against the said defendant, Duguay, in this instant action.

The defendant claims to be aggrieved by the denial of his requests for rulings numbered 1, 3, 5 and 7.

The substantial question here, as set out in detail in the briefs filed by the plaintiff and the defendant, is whether the statements of Duguay were statements of fact or of opinions of conditions to exist in the future and promissory in nature.

The line between what is actionable and what is not in cases of this sort is often difficult to draw. *Fogerty v. Van Lorn,* 344 Mass. 530. There are two recent cases on this point. *Pietrazak v. McDermott,* 341 Mass. 107; *Yerid v. Mason,* 341 Mass. 527.

In the *Pietrazak* case the court said at page 110 "McDermott appears to have been the builder of this house (as is so in the case at bar) and his assertion 'that he built a good house and there would be no water in the cellar' could reasonably have been understood by Mrs. Pietrazak to mean that the construction of the house was such as to preclude the entrance of water." In the case at bar the defendant said *"There was no water problem,* water was in the area where the cellar was not poured and when the cellar was poured, the water would go."

■ When a statement of fact which is susceptible of actual knowledge is made of one's own knowledge and is false, it may be the basis for an action for deceit without proof of actual intent to deceive. *Chatham Furnace Co. v. Moffatt,* 147 Mass. 403; *Hanly v. Whitney,* 279 Mass. 546.

■ Here, the defendant builder knew there was a water problem, for he was in the act of installing a sump pump and sloping the cellar, before title passed. He did not disclose this to the plaintiffs at any time, and they did not discover it until after title had passed. From this fact alone *intent to deceive* might be inferred.

The case at bar is directly in point *and even stronger* than the *Pietrazak* case. The facts are very similar; both actions were in tort for deceit and a builder in each case made similar statements regarding the water in the cellar. The homes were substantially completed and there was water on the floor seen by the plaintiffs in both cases. The facts are clearly distinguishable from the *Yerid* and *Fogerty* cases cited by the defendant. In the *Yerid* case, relied on by the defendants, the house in question was built in an area which had a serious water problem because there was no drainage in the street. Very few houses in the immediate area had cellars. This, together with the presence of the drain and sump pump which the plaintiff knew about, perhaps militated against a finding that anyone could reasonably construe the statements

to be anything other than opinions that the drain and sump pump would remedy the situation. (Boston College Law School, 1961, Annual Survey of Massachusetts Law, Volume 8, Pages 36 and 37)

■ It is a general rule that a judge's general and special findings are to stand if warranted upon any possible view of the evidence. *Moss v. Old Colony Tr. Co.*, 246 Mass. 139.

■ His general findings import a finding of all subsidiary facts and the drawing of all permissible inferences in its support. *N.Y.C. RR. v. Marinucci Bros. and Co., Inc.*, 337 Mass. 469.

The defendant raised further the point in his brief and argument, but not at the trial, that since the female plaintiff made an independent investigation, after the statements by Duguay the plaintiffs cannot now rely on those statements. Assuming the question to be properly before us, it has no merit on the facts. Nor failure to investigate further was not negligence of such a character as to bar recovery. *Mignault v. Goldman,* 234 Mass. 205.

■ The only other question is, since the statement by Duguay was made to Dion, then relayed by Dion to the plaintiffs, does this fact make it non-actionable—we think not. It was a representation of a fact made through an agent for which the defendant is liable. *Haskell v. Starbird,* 152 Mass. 117; *Duncan*

*v. Doyle,* 243 Mass. 177; *Howe v. Johnson,* 236 Mass. 379.

 The trial judge made ample special findings which were well founded on the evidence and justified the denial of requests numbered 1, 3, and 5, and request numbered 7, was rightly denied as it appears to be based on facts not in evidence and not found by the judge. *Freeman v. Crowell Thurlow,* 296 Mass. 514.

We find no prejudicial error, and an order should be entered dismissing the report.

Michaels & Adler (Laurence H. Adler), of Boston, for the Plaintiffs.

John G. Galligan, Jr., of Canton, for the Defendant Duguay.