## Elizabeth F. Noble & others *vs.* Mark Googins.

In a written contract for the purchase of land for a gross sum, a description of the land by its boundaries, or the insertion of the words "more or less," or of equivalent words, will control a statement of the quantity of land, or of the length of one of the boundary lines, so that neither party will be entitled to relief on account of a deficiency or surplus, unless in case of so great a difference as naturally raises the presumption of fraud or gross mistake in the essence of the contract.

A. agreed in writing to pay B. a gross sum for a "wharf lot on C. street" extending from the street to the channel, and described as bounded on one side by D.'s shipyard, and on the other side by the shipyard of E., and as "measuring about two hundred and twenty feet on C. street, more or less." In fact, it measured only one hundred and seventy feet on C. street, and was proportionally less valuable. At and long before the time of signing the agreement, deeds of the lot and of the adjoining shipyards, showing their actual width and boundaries, were duly recorded in the registry of deeds. *Held*, that in the absence of fraud A. was not entitled, in law or equity, to any abatement of the stipulated price.

Contract for a balance of the price due under the defendant's written agreement for the purchase from the plaintiffs of a wharf lot on Border Street in East Boston. The defendant claimed an abatement from the stipulated price, for the reason of a deficiency in the quantity of land.

The case was submitted to the determination of the full court on facts agreed, the material part of which is stated in the opin-

ion ; and with an agreement of the parties that if the court should be of opinion that the plaintiffs were entitled to recover the whole or any part of the purchase money, or that the defendant was entitled to abatement, judgment should be entered accordingly.

*F. E. Parker,* for the defendant, was first called upon.

*H. W. Muzzey,* for the plaintiffs.

GRAY, J.  The defendant, by the writing signed by him, agreed to pay to the plaintiffs " seven thousand dollars for wharf lot on Border Street," and further described the lot as bounded on one side by the shipyard of Paul Curtis and on the other by that of Donald McKay, and as " measuring about two hundred and twenty feet on Border Street, more or less." The land owned by the plaintiffs, and of which they have tendered a deed to the defendant, is a wharf lot lying between and bounded by these two shipyards, and extending from Border Street to the channel, but in fact measuring only one hundred and seventy feet on Border Street. It is agreed that when the writing was signed and delivered, and long before, the title deeds of the three estates were recorded in the registry of deeds, and showed the actual width and boundaries of the lots ; but that neither the plaintiffs' agent with whom the contract was made, nor the defendant, had actual knowledge of those deeds or their contents. It is also agreed that the value of land on Border Street is in proportion to the number of feet of land on the line of that street. But the price stipulated in the contract is an entire sum, and there is no evidence that in fixing it the parties had any regard to the length of that line. The question argued is, whether upon these facts the defendant is entitled, in law or equity to a proportional abatement in the price, or whether the plaintiffs may recover so much of the purchase money as has not been paid.

The agreement not only describes the premises as an entire estate by the words " wharf lot on Border Street," and gives the width on that street as " about two hundred and twenty feet, more or less," but it states that it is bounded on either side by shipyards in the occupation of persons named, the limits of

which would apparently be manifest upon looking at the prem-
ises, and the exact dimensions of which, as well as of the lot
agreed to be conveyed, might have been ascertained by exami-
nation of the public records of the county.    It is quite clear
that if a deed had been made in these terms, a difference either
way of less than one fourth in the actual width of the lot (like
a similar variance in stating the quantity of land granted) would
not have defeated the conveyance, or entitled either party to set
it aside or to claim an increase or diminution of the stipulated
price.    *Day* v. *Fynn*, Owen, 133.    *Anon*. Freem. Ch. 106.
*Twyford* v. *Wareup*, Finch, 310.    Lord Cottenham, in *Okill* v.
*Whittaker*, 2 Phil. Ch. 340.    *Powell* v. *Clark*, 5 Mass. 355.
*Stebbins* v. *Eddy*, 4 Mason, 414.

The defendant contends that a different rule is to be applied
to an executory contract for the sale of land, even for a gross
price; and in support of this position relies on some English
chancery cases, from which it is difficult to extract any consis-
tent principle.

In *Hill* v. *Buckley*, 17 Ves. 394, a tract oi woods was de-
scribed, in the agreement of which specific performance with an
abatement of price was sought, as " containing two hundred
and seventeen acres and ten perches of statute measure."    Sir
William Grant, after a remark (which would seem to have been
sufficient to dispose of the case) that " the particularity of the
statement, descending to perches, would naturally convey the
notion of actual admeasurement," uttered this *dictum*, which has
since been cited as establishing a general rule : " Where a misrep-
resentation is made as to the quantity, though innocently, I ap-
prehend the right of the purchaser to be to have what the vendor
can give, with an abatement out of the purchase money for so
much as the quantity falls short of the representation.    That is
the rule generally ; as, though the land is neither bought nor sold
professedly by the acre, the presumption is, that in fixing the
price regard was had on both sides to the quantity which both
suppose the estate to consist of."    But in the later case of *Winch*
v. *Winchester*, 1 Ves. & B. 375, the same learned judge was of
opinion that an agreement to sell an estate described as being

in the occupation of a certain person, and as "containing by estimation forty-one acres, be the same more or less," did not entitle the purchaser to an abatement of price for a deficiency of five or six acres, if the vendor did not know the true quantity, and made no other statement what it was.

The *dicta* of Lord Eldon afford no clearer guide. In *Townshend* v. *Stangroom*, 6 Ves. 341, his words were : " As to the expression ' more or less,' I do not say those words in a contract will not include a few additional acres ; but if parties are contending about three acres, it would be very singular upon these words to add twenty-four map acres, which he knew were already demised, as far as parol could demise them, to" a third person. In *Portman* v. *Mill*, 2 Russ. 570, the contract was for a certain farm, " containing by estimation three hundred and forty-nine acres or thereabouts, be the same more or less," and stipulated that the premises should be taken at the quantity thus stated, whether more or less ; and the learned chancellor merely said that he never could agree that such a stipulation as this, "if there were nothing else in the case," would cover a deficiency of more than a hundred acres.

There could be no better evidence of the unsatisfactory state of the English law upon this point than the caution with which it is expressed by so acute, discriminating and profound a commentator and so eminent a judge as Lord St. Leonards. " Where the contract rests *in fieri*, the general opinion has been, that the purchaser, if the quantity be considerably less than it was stated, will be entitled to an abatement, although the agreement contain the words ' more or less,' or ' by estimation,' or even stronger words." Sugden on Vendors (14th ed.) 324.

The American courts have shown more unwillingness than the English to encourage litigation about the amount of the price by reason of a variation in the quantity of land agreed to be conveyed, without clear evidence that the quantity was made an essential element of the bargain.

The leading case is *Mann* v. *Pearson*, 2 Johns. 37, in which a bond for the conveyance of " lot No. 78, in the township of Lysander, containing six hundred acres," was held by a majority

of the supreme court of New York, consisting of Kent, C. J., and Spencer and Tompkins, JJ., to be fully complied with by giving a deed of the same lot, describing it as "containing six hundred acres of land, be the same more or less," although it was found by actual survey to contain less than four hundred and twenty-two acres; and even Livingston and Thompson, JJ., who dissented from the decision, expressed opinions that if the bond had contained either a particular description of the estate by metes and bounds, or the words "more or less," it would have controlled the statement of the quantity. That case was referred to, with respect and apparent approval, by Mr. Justice Parker in *Howe* v. *Bass*, 2 Mass. 382, 383, and by the supreme court of Pennsylvania in *Smith* v. *Evans*, 6 Binn. 107, 109.

It has since been declared by a great weight of authority, in accordance, as we think, with the soundest reason, that in an agreement for the sale and purchase of land for an entire sum either a description of the land by its boundaries, or the insertion of the words " more or less " or equivalent words, will control a statement of the quantity of land or of the length of one of the boundary lines, so that neither party will be entitled to relief on account of a deficiency or surplus, unless in case of so great a difference as will naturally raise the presumption of fraud or gross mistake in the very essence of the contract. *Stebbins* v. *Eddy*, 4 Mason, 414. 1 Story Eq. §§ 144 *a*, 195. 4 Kent Com. (6th ed.) 467 and note. *Marvin* v. *Bennett*, 8 Paige, 312, and 26 Wend. 169. *Morris Canal Co.* v. *Emmett*, 9 Paige, 168. *Faure* v. *Martin*, 3 Selden, 219. *Ketchum* v. *Stout*, 20 Ohio, 453. *Stull* v. *Hurrt*, 9 Gill, 446. *Weart* v. *Rose*, 1 C. E. Green, 290.

The court is therefore unanimously of opinion that the defendant shows no ground in law or equity for abatement of the stipulated price, and is liable to the plaintiffs for the whole amount thereof which has not been paid.

*Judgment for the plaintiffs.*