HOBART *v.* JORDAN.

In a suit at law brought against a purchaser of land for a part of the price, if he has materally changed the condition of the land by cutting and removing timber, and cannot, by a reconveyance, restore the vendor to his former position, it is no defence that there was a mutual mistake as to the boundaries, and the vendor has received a part of the price greater than the value of the timber cut by the purchaser, and refused to accept a reconveyance of the land tendered him by the purchaser. The defendant's remedy, if he has any, is in equity.

ASSUMPSIT, on a note given for part of the price of wild land conveyed by the plaintiff to the defendant. Plea, the general issue. The deed described the land as Lots 1 and 2 in the 12th Range in Columbia; and the price was $1100. One ground of defence was, that the defendant, not knowing where the boundaries of the land were, was induced to buy it by the plaintiff's fraudulently representing the south line to be further south than it was, and the defendant had rescinded the contract and tendered the plaintiff a deed of the land. The jury found there was no fraud. There was evidence on which the jury might have found that, at the time of the conveyance, neither party knew where the south line was, and that both believed it to be further south than it was. Soon after the defendant bought the land, he cut and removed from it and sold a considerable amount of timber. The defendant testified that the plaintiff received in part payment for the land the proceeds of the timber, the same being more than the timber was worth before it was cut; and that afterwards, when the defendant ascertained that the south line was further north than he had supposed, the plaintiff refused to accept a deed of the land tendered him by the defendant. The defendant excepted to the refusal of the court to instruct the jury that he had a right to rescind the purchase on the ground of mistake, if there was a mutual mistake, as to the south line, and if the defendant was induced by that mistake, to make the purchase. The question whether there was a partial failure of the consideration was not raised. Verdict for the plaintiff: motion of the defendant for a new trial.

*Ray, Drew & Jordan*, for the defendant. A contract may be rescinded by either party on the ground of mutual mistake as well as on the ground of fraud: and the defendant may be relieved at law as well as in equity. *Fogg* v. *Sawyer*, 9 N. H. 365; *Ketchum* v. *Catlin*, 21 Vt. 191; *Mowatt* v. *Wright*, 1 Wend. 362; *Wheadon* v. *Olds*, 20 Wend. 174; *Flight* v. *Booth*, 1 Bing. N. C. 370; *Cox* v. *Prentice*, 3 M. & S. 344; 2 Kent Com. 491; *Wood* v. *Scarth*, 1 F. & F. 293; *Luce* v. *Izod*, 25 L. J. Exch. 307; *Kelly* v. *Salari*, 9 M. & W. 54.

*Shurtleff* and *Ladd & Fletcher*, for the plaintiff.

STANLEY, J. If the defendant has a remedy, it is in equity. *Noble* v. *Googins*, 99 Mass. 231; *Spurr* v. *Benedict*, 99 Mass. 463; *Wells* v. *Day*, 124 Mass. 38; *Grymes* v. *Sanders*, 93 U. S. 55. The timber was removed from a portion of the land, and the proceeds were paid to the plaintiff. He cannot, therefore, be exactly and wholly restored to his former position: and if the contract of purchase can be rescinded by restoring part of the property and paying for the rest, it must be done upon such an adjustment of the equities as cannot be made in this suit. *Scott* v. *Littledale*, 8 E. & B. 815.

*Judgment on the verdict.*

DOE, C. J., did not sit.