MARY F. LEWIS *vs.* ABBIE N. JEWELL.

Suffolk.     March 10, 1890. — April 1, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Sale of Personal Property — Fraudulent Representations as to Quantity.*

The owner of carpets laid upon the various floors, halls, and stairs of a large dwelling-house knowingly misstated the number of yards thereof to one inspecting the carpets, who in reliance upon such statements purchased them. *Held*, that the purchaser was not bound to ascertain the quantity by measurement or otherwise, but could rely on such owner's statement, and recover for his fraudulent representations.

TORT, by the administratrix of the estate of Edward Lewis, for false and fraudulent representations made by the defendant to the intestate.

At the trial in the Superior Court, before *Barker*, J., there was evidence that the intestate wished to purchase certain carpets owned by the defendant, and contained in a dwelling-house numbered 105 Worcester Street in Boston, to be used on the premises, which were intended for a boarding-house; that the carpets covered twelve rooms on the four floors of the house, and the halls and stairs; that the intestate went into the various rooms and inspected the carpets, and there was nothing to prevent his measuring them; that afterwards and before the purchase the intestate sent a man to examine the carpets, who was taken by the defendant into each room; that the defendant told the intestate that there were in all about nine hundred yards of carpeting, and that it would not vary more than fifteen or twenty yards from that amount; that the defendant knew that this statement was false; that the intestate purchased the carpets and took a bill of sale of the same; that the intestate relied upon the representation of the defendant as to the number of yards in making the purchase; and that, after using the carpets, the intestate had them measured, the measurement showing only five hundred and ninety-five yards.

The defendant asked the judge to rule, as matter of law, that the defendant's misrepresentation as to the number of yards in the carpets under the circumstances, though false and known to be false by the defendant, and made with the intention of deceiving the intestate, and though he was deceived thereby and relied on them in making the purchase, would not, if he had full means of ascertaining the number of yards contained in the carpets, and had an opportunity to inspect and measure them, entitle him to recover. The judge refused so to rule, but instructed the jury, in substance, that if they should find that a false representation with reference to the quantity of the carpeting was made by the defendant to the intestate with a view to induce him to make the purchase, which representation was known by the defendant to be false, and was relied upon by the intestate as one of the inducements to make the purchase, and if the intestate was in the exercise of due care, and thus relied

upon it, they would be justified in returning a verdict for the plaintiff.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. R. Elder*, for the defendant.

*S. J. Thomas*, for the plaintiff.

KNOWLTON, J. The carpets bought by the plaintiff's intestate covered four floors, consisting of twelve rooms, besides the hall and stairs, in a dwelling-house. The number of yards of material contained in them was an important element in determining their value, which might be the subject of a fraudulent representation. The representation of the defendant was not a mere estimate, but a statement purporting to be made as of her own knowledge; and there was evidence tending to show that it was known by her to be false. There was also evidence that the purchaser relied upon it; and if the testimony introduced by the plaintiff was true, the defendant was liable for fraud, unless the purchaser was bound to measure the carpets for himself, or to avail himself of his other opportunities of ascertaining the quantity.

Upon the evidence presented, it could not properly have been ruled, as matter of law, that the facts were so obvious or so easily discoverable that the plaintiff's intestate had no right to rely on the defendant's representations. In this Commonwealth, and in other American States, in regard to representations by a vendor in a sale of land, it has been held that, in the absence of other fraud, a vendee to whom boundaries are pointed out has no right to rely on the vendor's statements as to quantity, but if he deems the quantity material, he should ascertain it for himself. *Gordon* v. *Parmelee*, 2 Allen, 212. *Noble* v. *Googins*, 99 Mass. 231, and cases cited. *Parker* v. *Moulton*, 114 Mass. 99. We are of opinion that this rule should not be extended so as to include a case like the present, and that the instructions under which the questions were submitted to the jury were correct and sufficient.

*Exceptions overruled.*