ALEXANDER ROBERTS *vs.* ANNIE T. FRENCH.

Essex.   November 8, 1890. — January 10, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Sale of Land — False Representations.*

False representations made by the seller to the buyer of an enclosed lot of land, that the seller himself had measured one of the lines and that it contained a certain number of square feet, are actionable, if the buyer relies upon them and is more or less induced by them to purchase, although he is familiar with the lot, and understands that he is buying only the land enclosed.

The advertisement of a sale by auction of an enclosed lot of land gave its contents in square feet and its easterly line as 130 feet long. At the auction on the premises before the sale, and after the reading of the advertisement, the auctioneer stated that he and the owner's husband, who acted as her agent and assented to the statement, had measured the land; that its contents were as advertised, except that the east line was but 107 feet long; and that a warranty deed would be given. The buyer, who was familiar with the lot and understood that he was buying the land as enclosed, believed the statement, and was more or less induced thereby to purchase. The east line was actually but ninety-five and a half feet long, and the other lines varied somewhat, and the contents considerably, from those advertised. The seller did not offer a deed describing the premises in accordance with the auctioneer's statement, but only a deed describing them correctly. *Held*, that an action would lie against the seller to recover a part payment of the price made by the buyer.

CONTRACT for money had and received by the defendant to the plaintiff's use. Trial in the Superior Court, before *Thompson*, J., who ruled that the plaintiff was not entitled to recover, and, after a verdict for the defendant, reported the case for the determination of this court. The facts appear in the opinion.

*F. H. Pearl*, for the plaintiff.

*M. A. Pingree*, for the defendant.

HOLMES, J. This is an action to recover two hundred dollars paid by the plaintiff as part payment of the price of a lot of land for which he made the highest bid at a sale by auction. The advertisements described the lot as containing about eleven thousand square feet, and as extending one hundred and thirty feet on the east. The plaintiff's evidence tended to show that at the sale one of the firm of auctioneers read the advertisement and said that the defendant's husband and himself had measured the land, (as they had done,) and that its dimensions were as stated in the posted bill, except as to the easterly line, which was only one hundred and seven feet long. The other auctioneer then proceeded to sell the property, and said that the easterly line was one hundred and seven feet long; that the lot contained about eleven thousand square feet; and that a warranty deed would be given. The sale took place on the premises; the plaintiff was familiar with them, and he understood that he was buying only the land enclosed by the fences. But, according to his evidence, he believed the statements of the auctioneers as to the length of the lines and the area, and made his bid relying upon them, and, we may fairly say by inference, being more or less induced by them to purchase. The easterly line in fact was only ninety-five and a half feet long; the other lines varied somewhat from the lengths given at the sale, and the contents were seven thousand seven hundred and sixty feet, being five hundred and sixty-five feet less than what they would have been if the length of the lines stated at the sale had been correct. The defendant has not offered a deed describing the premises as they were described by the auctioneer, but only a deed describing them correctly. The court below ruled that the action could not be maintained; and the plaintiff excepted.

On the foregoing evidence, plainly the jury might have found that the auctioneer made a misstatement of fact as to the length

of the easterly line, and also represented that he made the statement on the faith of his own senses, because, as he said, he and the defendant's husband, (who, by the way, was also her agent, and was present and assenting to what the auctioneer said,) had measured the line. In other words, the statement of the length was a statement, as of the party's own knowledge, of the kind which our decisions pronounce fraudulent. *Chatham Furnace Co.* v. *Moffatt,* 147 Mass. 403. Notwithstanding the plaintiff's knowledge of how the land looked, the jury also might have found that the statement in fact deceived him, and induced him to buy, and that it materially varied from the truth. It is true that the agreement was to buy a lot with known boundaries, and very likely, in the absence of fraud, the rule would apply that monuments govern distances in such agreements and in deeds with warranty. *Noble* v. *Googins,* 99 Mass. 231. *Powell* v. *Clark,* 5 Mass. 355. Rawle on Covenants for Title, (5th ed.) § 297. But that is only a rule of construction; it does not mean that measurements are not material, or that a man who knows the monuments cannot be deceived about them. See *Lewis* v. *Jewell,* 151 Mass. 345. Of course, it was not necessary that the plaintiff's belief as to the length should have furnished his only motive for buying, if it furnished one motive ; *Safford* v. *Grout,* 120 Mass. 20, 25 ; *Windram* v. *French,* 151 Mass. 547 ; and if the defendant's agents knew that the representations would affect action on the part of the bidders, or if under the known circumstances it manifestly was likely to do so.

The ruling of the court below probably assumed all that we have said, but was based on the cases which hold fraudulent representations as to the contents of a piece of land, the boundaries of which are pointed out to the buyer, not to be actionable. *Gordon* v. *Parmelee,* 2 Allen, 212. *Mooney* v. *Miller,* 102 Mass. 217.

We do not mean to question these decisions in the slightest degree, but it is obvious that there must be a limit beyond which fraudulent representations cannot be made with impunity; and upon the whole we are of opinion that, if the plaintiff's evidence is believed, the representations made to him, under the circumstances in which they were made, went beyond that limit. When a man conveys " the notion of actual admeasurement,"

(*Hill* v. *Buckley*, 17 Ves. 394, 401, cited 99 Mass. 233,) still more when he says that he has measured a line himself and has found it so long, his statement has a stronger tendency to induce the buyer to refrain from further inquiry (*Parker* v. *Moulton*, 114 Mass. 99, 100) than a statement of the contents of a lot without giving grounds for the estimate. If false, it is a grosser falsehood. It purports on its face to exclude the suggestion that it is a mere estimate, which the other leaves open. See *Cabot* v. *Christie*, 42 Vt. 121, 126; *Deming* v. *Darling*, 148 Mass. 504, 505. If it is made at a sale by auction, where it is out of the question for a bidder to go and verify it before making his bid, it seems to us reasonable to say that the purchaser has a right to rely upon it, as was held in a very similar case in Connecticut. *Stevens* v. *Giddings*, 45 Conn. 507. See *Lewis* v. *Jewell*, 151 Mass. 345; *Lynch* v. *Mercantile Trust Co.* 18 Fed. Rep. 486, 489; *Porter* v. *Fletcher*, 25 Minn. 493.

*New trial granted.*