## ARGUED AND DETERMINED

#### IN THE

# SUPREME JUDICIAL COURT

#### OF

# MASSACHUSETTS.

---

### HENRY ARNOLD *vs.* ARTHUR F. TEEL.

Middlesex.    March 12, 1902. — June 18, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

#### *Deceit.   Evidence.*

In an action for deceit inducing a conveyance of certain real estate by the plaintiff to the defendant in exchange for certain worthless shares of a defunct company fraudulently represented by the defendant to be shares of another and prosperous company having a name similar but not identical, the defendant excepted to the exclusion of the questions whether the plaintiff had offered before the action was brought to return the shares and take a deed back and whether he was willing to take back the land for the stock. *Held*, that the exclusion was right; that the action was for damages and the question whether the plaintiff had offered or was willing to rescind was immaterial and had no bearing on the question of deceit.

The evidence stated by the court was held to be sufficient to justify a finding that the exchange of real estate of the plaintiff for worthless stock of the defendant was procured by false and fraudulent representations of the defendant's agent, acting within his authority, to the plaintiff's agent and through him to the plaintiff.

In an action for deceit inducing a conveyance of certain real estate by the plaintiff to the defendant in exchange for certain worthless shares of a defunct company fraudulently represented by the defendant to be shares of another and prosperous company having a name similar but not identical, it is no evidence of negligence on the part of the plaintiff, that the plaintiff and his agent visited the office of the company whose stock they supposed they were getting without discovering

the fraud, or that the plaintiff's agent having the certificate for the worthless shares in his possession for a few hours did not examine it and discover the difference in name.

MORTON, J. This is an action for deceit arising out of the conveyance by the plaintiff to the defendant of an equity in certain real estate belonging to the plaintiff in exchange for certain stock belonging to the defendant. The stock transferred by the defendant to the plaintiff was stock in the Van Choate Electric Light and Car Company, a defunct concern whose stock was worthless. The alleged deceit was that the stock was represented as stock of the Van Choate Electric Company whose works were located at Foxborough. This stock had a market value of $10 a share. The number of shares to be exchanged was one thousand.

There was a verdict for the plaintiff and the case is here on exceptions by the defendant to the refusal of the presiding judge to give various rulings that were asked for, to the instructions that were given, and to the exclusion of two questions that were put to the plaintiff on cross-examination. ·

The questions that were excluded were whether the plaintiff had offered, before the action was brought to return the stock and take a deed back, and whether he was willing to take back the land for the stock. The action sounds in damages, and the question whether the plaintiff had offered or was willing to rescind was entirely immaterial. His willingness or unwillingness to rescind would have no tendency to show that a deceit had or had not been practised as alleged.

The defendant contends that the evidence did not warrant a verdict for the plaintiff and that the jury should have been so instructed. Fraud is of the essence of the action, and the plaintiff was bound to show that the defendant, either personally or through an agent employed by him, falsely and fraudulently represented the stock as stock in the Van Choate Electric Company whose works were at Foxborough, and that relying on such representations, he was induced to make the exchange which was made and suffered damage in so doing.

The exchange was effected through two brokers, one Haley acting for the plaintiff, and one Leavitt for the defendant, and the misrepresentations relied on are alleged to have been made by

Leavitt to Haley. It was in effect admitted that the defendant had a thousand shares of stock in the Van Choate Electric Light and Car Company, and there was testimony which was substantially uncontroverted that that corporation was defunct and its stock worthless, and that this was known to the defendant. The principal question was whether Leavitt by his conduct and language falsely and fraudulently represented to Haley and induced him to believe, that the stock was stock in the Van Choate Electric Company which had works at Foxborough, and thereby succeeded in effecting the exchange. A preliminary question was whether Leavitt was employed by the defendant to effect the exchange, and the jury were instructed that, unless he was so employed, the defendant would not be liable. There was clearly evidence warranting such a finding. The declaration of the defendant, testified to by the plaintiff, that his broker had made a mean trade for him (referring to the transaction in question), that Mr. Leavitt had made a poor trade for him, with more to the same effect, was of itself enough to warrant such a finding. The testimony of Leavitt, who was a witness for the defendant, also warranted such a finding. On the main question the evidence was contradictory, Leavitt denying amongst other things that he knew of more than one company, which, it might be inferred, was the Van Choate Electric Light and Car Company, and also denying that he knew anything about any works at Foxborough. Without going over the evidence in detail we think that it warranted a finding that Leavitt knowingly and falsely represented to Haley and through him to the plaintiff that the stock was stock in the Van Choate Electric Company, and that they were thereby induced to agree to and make the exchange. The plaintiff testified, amongst other things, that he and Haley met Leavitt, and that the latter told them to "go to Van Choate's office . . . and get all the information and see what their plant was out in Foxborough and return." This was a representation that the stock was stock in the Van Choate company which had works at Foxborough. There was no evidence that there was any Van Choate company which had an office in Boston except the company that had works at Foxborough. Haley also testified that in a conversation with Leavitt he asked him if it was the Electric Light Company with

works at Foxborough and that Leavitt said, "Yes, the Van Choate Electric Company." This again warranted a finding that Leavitt represented the stock as stock in the Van Choate Electric Company with works at Foxborough. This representation was false, and it was competent for the jury to find that Leavitt knew it to be so, and intentionally misled Haley and the plaintiff, or at least that he made the representation as of his own knowledge, in which case the result would be the same (*Weeks* v. *Currier*, 172 Mass. 53), that the stock was stock in the Van Choate Electric Light and Car Company with works at Foxborough. It was for the jury to say, and they were in effect so instructed, whether the misrepresentation, if there was one, was due to a mistake on his part in supposing that the two meant one and the same thing, or whether it was made intentionally for the purpose of misleading the plaintiff and his broker, or as of his own knowledge. We cannot say that there was no evidence justifying the latter view. The ruling that was requested that upon all the evidence the plaintiff was not entitled to recover was, therefore, rightly refused.

Besides the request which we have considered various other requests were presented by the defendant. With the exception of two or three they were all refused. We deem it necessary to speak only of those relating to the exercise of reasonable diligence on the part of the plaintiff and his agent. And as to those it is enough to say that the effect of the representations relied on was to send the plaintiff and his agent to the office of the very company whose stock they supposed they were getting, and there was no reason why they should take the company to be other than it was represented to be. We do not think that it can be said as matter of law that it was evidence of negligence on Haley's part that having the certificate in his possession for a few hours he did not examine it and discover the alleged misrepresentation. It may be doubted whether negligence as a defence in this class of cases is not in danger of being pressed too far. See *Whiting* v. *Price*, 172 Mass. 240.

We think that the instructions that were given were well adapted to the case and were all that were required.

*Exceptions overruled.*

*J. W. Pickering*, for the defendant.
*C. W. Bartlett & E. R. Anderson*, for the plaintiff.