M & M COMPANY, INCORPORATED, *vs.* HOOD RUBBER COMPANY.

Suffolk.   January 16, 1917. — March 1, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Sale,* By sample, Warranty.  *Deceit.*

Where goods are sold by sample there is an implied warranty that the bulk shall correspond with the sample in quality.

In an action for deceit, with a count in contract for the breach of an implied warranty of the quality of goods sold by the defendant to the plaintiff, if the jury find, on evidence warranting such findings, that the sale was by sample, that the defendant represented that the entire lot of goods purchased was equal to the sample, that this representation was false to the knowledge of the defendant's representative who made it, and that it was relied on by the plaintiff to his damage, the defendant is liable.

In the action above described, where it was held that the jury were warranted in finding that the plaintiff was induced to purchase the goods by a representation of the defendant's agent that they were equal in quality to the sample and that such representation was false, this court found it unnecessary to consider whether other representations made in behalf of the defendant and alleged to have been false, which were relied on by the plaintiff, were actionable.

Where it appeared in evidence that a dealer in pneumatic rubber tires for use on motor vehicles was purchasing from a manufacturer of such tires about thirteen hundred tires, which later were shipped to him, and that when the purchaser's agent called at the manufacturer's factory for the purpose of examining the tires, the tires were arranged in racks, each tire being wrapped separately in paper, and that when the purchaser's agent asked to see the tires the manufacturer's agent took one out and tore off the paper wrappings and the purchaser's agent examined it fully and this was done also with another tire, and on the purchaser's agent asking whether these two tires were a fair sample of the lot the manufacturer's agent replied that they were, and then the purchaser's agent tried to put his hands between the tires on the racks but they were put in so tightly that he could not take any out to make a further examination to ascertain whether each tire corresponded with the sample, it was *held* that the purchaser was not bound to cause the wrapping to be removed from all the tires and had a right to

rely on the representation of the manufacturer's agent that the tires which he had examined were a fair sample of the lot.

In an action for the breach of the implied warranty that the tires purchased corresponded in quality with the sample, the jury can find on the facts stated above that the plaintiff did not have a reasonable opportunity to examine each of the thirteen hundred tires.

CONTRACT OR TORT, the first count in contract for a breach of implied warranty, and the second count in tort for false and fraudulent representations made by the defendant, whereby the plaintiff was induced to purchase from the defendant certain automobile tires, as described in the opinion, which were of poor material and badly made. Writ dated March 19, 1914.

In the Superior Court the case was tried before *King*, J. The facts which could have been found upon the evidence are stated in the opinion. At the close of the evidence the defendant asked the judge to order a verdict for it. This the judge refused to do and he also refused to rule, at the request of the defendant, that on all the evidence the plaintiff was not entitled to recover. The defendant requested certain other rulings, which were refused by the judge, of which the substance is stated in the opinion.

The jury returned a verdict for the plaintiff in the sum of $2,100; and the defendant alleged exceptions.

*H. E. Warner*, for the defendant.

*J. J. Kaplan*, for the plaintiff.

CROSBY, J. This is an action to recover damages for false representations alleged to have been made in the sale of automobile tires by the defendant to the plaintiff.

The plaintiff is a dealer in pneumatic rubber tires (known as casings) for use on motor vehicles, having its place of business in Cleveland, Ohio. The defendant is a manufacturer and dealer in rubber goods, including automobile tires, with a factory and place of business in Watertown in this Commonwealth. Before June 27, 1913, there had been correspondence between the parties concerning the purchase of automobile tires, and on that date, for the purpose of examining them, one McLean, the president of the plaintiff, called at the factory of the defendant.

The tires were arranged in racks, each tire being wrapped separately in paper, and were shown to McLean by one Rose, an agent of the defendant. McLean testified that he asked to see the tires, and that an agent of the defendant took one out and tore off the

paper wrappings; that he [McLean] examined it fully and made a thorough examination of two of the tires and tested them for flexibility, which is one way of determining the quality; that these two tires appeared to be perfectly satisfactory. He further testified that he asked Rose whether these tires were a fair sample of the lot and that Rose said they were; that "He went over the racks and tried to put his hands between the tires but they were so tightly put in that he could not take any out."

The price was agreed upon and the sale was consummated; it included about thirteen hundred tires, which, later, were shipped in two lots of a car load each with a sight draft attached to each bill of lading. The agreed price on the first car load was $18,342.34, and on the second, $4,417.

The plaintiff introduced evidence to show that the tires had deteriorated; that they were of poor quality and not merchantable, and that they did not equal in quality the sample. The jury could have found that the sample was free from imperfections, of good quality, and in good condition. There was evidence that the value of the tires sold was what they were worth as scrap rubber or junk of that quality, and that such value was about $2,800.

The doctrine stated in *Poland* v. *Brownell*, 131 Mass. 138, and similar cases, that where a sale is made of specific articles and the buyer has ample opportunity to examine the property, he has no right to rely upon statements of the seller concerning its value because such statements are to be regarded as mere "seller's talk," is not applicable to the case at bar.

The jury could have found that the plaintiff did not have a reasonable opportunity to examine each of the thirteen hundred tires, wrapped as they were with paper; besides, if its agent was told that the tires which he examined were a fair sample of the lot, he could rely upon that representation and was not bound to cause the wrapping to be removed from all the tires, and to make further examination to ascertain whether each tire corresponded with the sample. *Lewis* v. *Jewell*, 151 Mass. 345. *Holst* v. *Stewart,* 161 Mass. 516, 522, 523. *Whiting* v. *Price*, 172 Mass. 240. *Mabardy* v. *McHugh*, 202 Mass. 148. *Townsend* v. *Niles*, 210 Mass. 524, 530. *Inter-State Grocer Co.* v. *George William Bentley Co.* 214 Mass. 227, 231, 232. See *Roberts* v. *French*, 153 Mass. 60.

The case at bar is easily distinguishable from those upon which

the defendant relies where the rule of *caveat emptor* applies.  *Gordon* v. *Parmelee*, 2 Allen, 212.

It is manifest that if the jury believed the evidence offered by the plaintiff it could have been found that the sale was made by sample.   Where goods are sold by sample, there is an implied warranty that the bulk shall correspond with the sample in quality. This is the rule not only under the sales act but independently of it.   St. 1908, c. 237, § 16, cl. *a.*   *Borden* v. *Fine,* 212 Mass. 425. If the jury found that the defendant represented that the entire lot was equal to the sample, that this representation was false to the knowledge of the defendant's representative who made it, and that it was relied on by the plaintiff to its damage, the defendant was liable.

The charge of the presiding judge is not recited in the record, and, as no exception thereto has been taken, it must be assumed by us that full and accurate instructions were given upon the issues involved.

As the jury were warranted in finding that the plaintiff was induced to enter into the contract for the purchase of the tires by reason of a representation that they were equal in quality to the sample, and that such representation was false, we need not consider whether the other representations, alleged to be false and relied on by the plaintiff, are actionable.

It could not be ruled as matter of law that the plaintiff was precluded from recovery because of its conduct after receiving the goods, and because of its failure to notify the defendant at an earlier date, after learning of the defective condition of the tires. Whether the plaintiff's conduct was such as to show that it was satisfied that the goods complied with the contract, was a question to be determined by the jury upon appropriate instructions. *West End Manuf. Co.* v. *Warren Co.* 198 Mass. 320.   *Borden* v. *Fine, ubi supra.*   St. 1908, c. 237, § 49.

It is plain that the presiding judge properly could not have ruled that the plaintiff was not entitled to recover.   All the other requests made by the defendant were in effect requests for rulings that the plaintiff could not recover if the contract provided that the goods were sold without any guaranty by the seller.   None of these requests could have been given because, as previously stated, the plaintiff was entitled to recover if the sale was by

sample and the defendant falsely represented that the tires exhibited were a fair sample of the entire lot.

*Exceptions overruled.*