## WELCOME STATE BANK v. OTTO MARTENS AND ANOTHER.[1]

October 20, 1922.

No. 23,015.

**Special warranty of machine at farm auction.**

1. Where at a farm auction sale the vendor announced to the auditory that a certain machine offered for sale was all right, in good running order and would do all kinds of farm work for which it was intended, and that if it failed so to do the purchaser might return the same and receive back his money, this amounted to a special warranty of the machine.

**Set-off of price of machine against purchase money note.**

2. Under such conditions, where the machine failed to fulfil the warranty and the vendee returned the same and rescinded the sale,

[1]Reported in 190 N. W. 185.

he is entitled to have the amount of the purchase price off-set against the note given therefor.

**Assignment of sales accounts by act of bank cashier who is clerk of the auction.**

3. Where the vendor, at an auction sale, arranged with a bank to cash all accounts, the cashier of such bank acting as clerk at the auction and taking notes for such accounts, payable to the order of the bank, and crediting the vendor's bank account with the amount thereof, such transaction amounts to an assignment of the sales accounts, subject to the equities incident thereto.

Action in the district court for Martin county to recover $798.50 upon a promissory note.. The answer is referred to in the fifth paragraph of the opinion as sufficient to permit of proof of a rescission of sale and defendants' nonliability on the note for the purchase price of the tractor. The case was tried before Dean, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict for $216.14. From an order denying its motion for judgment for the full amount of the note or for a new trial, plaintiff appealed. Affirmed.

*Allen, Seifert & Allen,* for appellant.

*Haycraft & McCune,* for respondents.

QUINN, J.

This cause is based upon a promissory note for $798.50, executed by defendants and payable on December 1, 1920, to the order of the plaintiff bank, as for borrowed money. There was a verdict for plaintiff in the sum of $198.50, with interest thereon from the date of the note. From an order denying its motion for an order for judgment in its favor for the full amount of the note or for a new trial, plaintiff brings this appeal.

It appears from the record that Herman Krahmer and his son Carl resided together upon a farm, in February, 1920, near the village of Welcome in Martin county; that the father advertised in the usual manner that on the seventh day of that month he would sell at public auction on his farm all his stock and farm implements, including a certain tractor owned by his son. Mr. Greenwaldt,

cashier of the plaintiff bank, acted as clerk at the auction sale. The terms of payment for articles bought at the sale were cash for all sums under $10, and all sums over that amount might be settled by approved notes payable in 10 months, with interest at 8 per cent.

Defendants bid in and purchased the tractor referred to at $600, and other articles amounting to $198.50. Two days after the sale they went to the bank and settled with Greenwaldt for the articles so purchased by executing the note in controversy, and thereafter removed the tractor from the Krahmer farm. At the time it was put up for sale by the auctioneer, the owner thereof announced to the auditory in an audible manner, that the tractor was all right, in good running order; that it would do all kinds of farm work for which it was intended, and that if it failed so to do the purchaser might return the same and receive his money back. Under these conditions, the defendants purchased it, took it to their home, tried the same and found that it would not perform work as it had been stated it would. They then informed the vendor of the fact, and he undertook to adjust and operate the tractor, but without success. Thereafter defendants returned it to the Krahmer farm, so notified the cashier, and duly tendered to the holder of the note $198.50, with interest from its date, as a payment thereon, claiming that they were not liable for the price of the tractor, having returned the same to the vendor. The tender was refused.

It appears that plaintiff received the whole of the accounts for the sales at the auction for which notes were to be taken, in consideration of its paying the amounts thereof to the vendors. There was no arrangement with the vendees for any loan, or the advancement of any money upon their purchases at the sale. The cashier testified that plaintiff had an arrangement with the vendors to furnish the money for the sale. In consideration for so doing, the bank received the sales accounts for which notes were to be taken, prepared the notes payable to its own order, fixed the time of payment differently than provided for in the auction notice, and credited vendors' accounts in the bank with the amounts thereof. The vendors became in no way liable to the bank upon the notes taken. The transaction amounted to a transfer of the sales accounts from the

vendors to the bank, subject to the equities incident thereto. The cashier was present at the sale; as the clerk thereof, it was his duty to keep a full record of all sales and the terms thereof. Under these circumstances he must have known the terms and conditions upon which the tractor was purchased.

While the answer may not in form be a model pleading, in our opinion it is sufficient to permit of proof of a rescission of the salé and defendants' nonliability on the note for the purchase price of the tractor. There was an express warranty by the vendor that the tractor would perform well the work for which it was intended, and it was the clear intention of the parties that, if it did not prove to be as recommended, the purchaser might return the same and receive back what he had parted with in connection therewith. Contracts of sale entered into at an auction may be rescinded by either vendor or vendee where the proper grounds exist. 2 R. C. L. § 31, p. 1148; Roberts v. French, 153 Mass. 60, 26 N. E. 416, 10 L. R. A. 656, 25 Am. St. 611. And so it has been held that a vendor at public auction is liable for his own positive statements as to the quality of the article sold which mislead and injure the purchaser, though there is an absence of intentional fraud. McCall v. Davis, 56 Pa. St. 431, 94 Am. Dec. 34, L. R. A. (N. S.) 928, note.

The charge to the jury was somewhat extended, but when taken as a whole we think it fairly presented the issues to the jury, that the verdict was justified by the proofs, and that there was no prejudicial error in the rulings upon the admissibility of evidence.

Affirmed.